CLYDE BINGHAM v. THE STATE.

No. 8244. Decided April 30, 1924.

Rehearing denied June 18, 1924.

1.—Theft of Cattle—Practice in Trial Court.—Withdrawing Jury.

Where, upon trial of theft of cattle, the State introduced in evidence a conversation which appellant had with the owner of the cattle in which he admitted getting the same and expressed sorrow for having taken them and offered to pay for them, etc., and that this conversation occurred in the county courtroom, defendant being the son of the sheriff, it was reversible error to refuse the request of appellant to withdraw the jury and hear evidence as to whether defendant was then under arrest; the court permitting all the evidence, *pro* and *con*, upon the question of whether appellant was under arrest at the time to go to the jury.

2.—Same—Rule Stated—Question of Arrest—Voluntary Confession.

All that is said by the courts of the necessity of a preliminary examination by the court in the absence of the jury to determine whether a confession is voluntary, applies with equal or greater weight to a case arising under our statutes, upon the question of arrest, and if our present practice of ultimately submitting the issue of voluntariness to the jury be an exception

to the general rule of evidence, it is of doubtful propriety to extend the exception to embrace the question of arrest, as usually this becomes solely a question of law.

### 3.—Same—Practice in Trial Court—Arrest—Declarations of Defendant.

To give our approval to the proceeding complained of, would extend the rule to permit in every case the trial court to pass to the jury the duty of determining the admissibility of statements by the accused sought to be introduced by the State and objected to upon the ground that accused is under arrest, when they were made, if the objection raised any sort of issue of fact upon the question of arrest. Following: Nolen v. State, 8 Texas Crim. App. 585.

### 4.—Same—Practice in Trial Court—Arrest—Declaration of Defendant.

When appellant objected to the reception in evidence of the statements made by him asserting that he was under arrest, the court should have retired the jury, heard the testimony, *pro* and *con*, upon that issue, and determined whether the proffered evidence was admissible, and failure to do so is reversible error.

### 5.—Same—Rehearing—Rule Stated—Confession.

The conclusion of this court stated in the original opinion is an application of what we understand to be the general rule of evidence, namely, that it is primarily the office of the judge to determine the admissibility of the evidence. There may be departures from this rule, but they are exceptions in their nature, and do not become the rule, and in the instant case the appellant was entitled to the decision of the trial judge on the admissibility of the confession, and that the trial court was not warranted to submit to the jury both the confession together with the evidence of arrest.

Appeal from the District Court of Jones. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stinson, Coombes & Brooks,* for appellant.—On question of court's action in submitting question of arrest to jury: Carter v. State, 31 Texas, 263; Reynolds v. State, 199 S. W. Rep., 636; Nolen v. State, 8 Texas Crim. App., 585.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney and *Dayton Moses* for the State.—Cited: Roberts v. State, 88 S. W. Rep., 221; Jackson v. State, 115 id., 262; Yarbrough v. State, 252 id., 1069; Hunter v. State, 129 id., 125.

HAWKINS, JUDGE.—Conviction is for the theft of cattle with punishment assesed at two years in the penitentiary.

The cattle are alleged to have belonged to Mrs. Willie I. Martin. Dallas Cave was her foreman. We do not think it necessary to set out the facts. Information had reached Cave and Mrs. Martin which caused them to go to a certain pen and there identify calves which

had been stolen from Mrs. Martin a day or two before. Appellant had been seen driving them. On the following Sunday morning Mrs. Martin and Cave were in Aspermont to confer with the county attorney relative to filing charges against appellant for theft of the cattle. In order to understand what follows it may be well to state at this point that W. B. Bingham was the sheriff, appellant was his son, and McLaurey his deputy. Cave testified that some one came to him with information that appellant desired to see witness; that he found appellant in the County-Court room where appellant asked him (Cave) how much money would he take, and could witness go and square the matter with Mrs. Martin, and upon being told by Cave that he could not appellant requested witness to go and get Mrs. Martin. He did this and she came to the court-room at appellant's request. Both Mrs. Martin and Cave testify in substance that in the conversation which appellant then had with her he admitted getting the calves; expressed sorrow for having taken them and offered to pay for them; admitted others were connected with the taking but declined to disclose their identity; that Mrs. Martin asked appellant if his father knew about it, to which appellant replied that he had not seen his father, and did not want to see him until the trouble was settled.

The main question in this case relates to the foregoing testimony and the court's action relative thereto. The State offered the testimony as an admission of appellant against his interest. When it was tendered appellant asserted that he was under arrest at the time of the conversation and that the statement was made without warning or other formalities required by Article 810, C. C. P. before a confession was admissible, and requested the court to withdraw the jury and hear evidence upon that point. This the court declined to do, but permitted all the evidence pro and con upon the question of whether appellant was under arrest at the time to go to the jury along with the statement made by him, and then gave the following instruction to the jury upon that subject.

"The confession of a defendant shall not be used while he is in the custody of an officer, and unless the State has proved to your satisfaction beyond a reasonable doubt that the defendant was not in the custody of an officer and was not under arrest at the time of the conversations between the defendant and the witness Dallas Cave, if any, and the conversation between the defendant and Mrs. Willie I. Martin, if any, as testified to by said witnesses, then you will not consider any statement made by the defendant to Dallas Cave or Mrs. Martin in said conversations, if any, for any purpose against the defendant."

The evidence upon which this issue was submitted may be condensed as follows; McLaurey testified that on Sunday morning he had been informed that appellant was charged with theft of the

Martin calves and so informed the sheriff; that a short time before he gave the information to the sheriff witness saw appellant going towards town; that after he told the sheriff witness saw the sheriff get appellant and go to the court-house with him; that afterwards at the courthouse he saw appellant, Mrs. Martin and Cave together; that the sheriff was with appellant at the time; that they all went into the courtroom; that he could hear them talking but could not tell what they said; that the sheriff was either in the courtroom or standing right at the door all the time. The sheriff testified that he received the information from McLaurey and also, that he had talked to the county attorney and was directed by him to arrest appellant; that he did arrest him and took him to the court-house; that up to this time he had seen neither Mrs. Martin nor Cave; that when he went to the courthouse with appellant he saw Cave and Mrs. Martin, when they went into the County-Court room with appellant; that he heard them talking about the cattle but did not know what was said; that appellant was then under arrest. The sheriff claim to have been present inside the door of the court-room. Appellant denies making the statement attributed to him by Cave and Mrs. Martin, but says he did have a conversation with them, and that he was under arrest at that time. Cave testified that when he saw appellant in the court-room the first time no one was present but the two of them; that after he brought Mrs. Martin to the court-room at appellant's request and the conversation occurred between them the sheriff was not with his son at that time, and that witness did not see the sheriff at the court-house before the conversation. Mrs. Martin testified that when she had the conversation with appellant his father was not present; that he came into the courtroom while they were talking. The evidence of Cave and Mrs. Martin went to the jury, together with the statement of appellant made to them before the evidence was presented on appellant's behalf on the contention that he was under arrest. In discussing the question under consideration it must be borne in mind that our statute, (Art. 810, C. C. P.) excludes a confession or admission if made while accused is in jail or in the custody of an officer unless reduced to writing and signed by accused.

The point is made that the court did not pass upon the admissibility of the alleged statement at all, but under the instruction given left the jury to determine its admissibility as well as the weight to be given it. It is apparent that the learned trial judge based his action upon the rule which seems to be well established in this State that where a question is raised as to whether a confession is voluntary or otherwise it may be submitted to the jury (See Sec. 66, p. 41, Branch's Ann. P. C. and authorities there cited), because in explaining the bills complaining of his refusal to retire the jury and hear evidence in their absence on the preliminary question of appellant being under arrest he says: ''The court admitted before the jury

the evidence of the State and the defendant, as shown by the record, as to whether or not the defendant was under arrest at the time of the conversation between defendant and the witness Cave, and the conversation between the defendant and the witness Mrs. Willie I. Martin, and submitted said issue to the jury in his main charge, as shown by paragraph V. of said charge.''

The record bears out the truthfulness of this explanation. It is not necessary to discuss at this time whether the practice, (now firmly established in this State, of submitting the question of ''voluntariness'' to the jury is in accord with the weight of authority on that point. The subject has received attention in Wharton, Vol. 2, Sec. 689a, p. 1420-1423; Underhill, Sec. 217, p. 307-311; Wigmore, Vol. 1, Sec. 861; Ruling Case Law, Vol. 1, Secs. 122-123. The learned trial judge appears to have overlooked the fact that in this State as well as in other jurisdictions where the question of the voluntary character of the confession is finally submitted to the jury it is still the duty of the court to first determine its admissibility, and if an issue of fact be raised, then to let all the evidence upon the issue go to the jury in order that they may be able to pass upon that question as well as to determine the weight to be given the admission or confession. (See authorities last above cited; also Sparks v. State, 34 Texas Crim. Rep., 86; Gallaher v. State, 40 Texas Crim. Rep., 296, 50 S. W. 388; Follis v. State, 51 Texas Crim. Rep., 186, 101 S. W., 242; Ruling Case Law, Sec. 123, states the rule as follows:

''To enable the court to make up its mind as to the voluntariness of a confession offered in evidence a preliminary investigation into the circumstances surrounding the confession is ordinarily made, at least when the defendant raises an objection to the admissibility of the confession. The better rule and the one supported by the weight of authority is that a preliminary investigation made by the court to determine whether a confession offered in evidence is voluntary and therefore admissible should be made out of the presence of the jury, especially if the defendant requests it.

All that is said relative to the necessity of a preliminary examination by the court in the absence of the jury to determine whether a confession is voluntary applies with equal or greater weight to a case arising under our statute upon the question of arrest, and if our present practice of ultimately submitting the issue of ''voluntariness'' to the jury be an exception to the general rule of evidence, it is of doubtful propriety to extend the exception to embrace the question of ''arrest.'' Usually that becomes solely a question of law to be determined upon undisputed facts. It is not often the issue would arise as in the present case. Here we are deprived of any ruling from the court upon the question. If he had heard preliminary proof in the jury's absence, as requested by appellant, and then ad-

mitted the evidence complained of this court would have known from the ruling that in the opinion of the learned trial judge the confession was made when appellant was not under arrest; if appellant was then aggrieved at the court's ruling the evidence heard upon the preliminary examination could have been brought forward in a proper bill of exceptions in order that we might say whether the court had misused his discretion in deciding a preliminary question of fact in determining the admissibility of evidence which was of vital importance to the State if admissible, and of injury to appellant if inadmissible. From the record we cannot know whether the court thought the admissions testified to by Cave and Mrs. Martin were admissible unless we infer that they would have been withdrawn from the jury in the event the court believed they were made while under arrest. If we could with any propriety indulge in such a presumption we are precluded therefrom by the significant fact that the court thought it proper to give an instruction upon circumstantial evidence. If the statements to Cave and Mrs. Martin were made by appellant when he was not under arrest they were properly introducible, were specific admissions of guilt, and took the case out of the rule of circumstantial evidence. If the court had determined, after a proper preliminary hearing, that the statements were admissible then no necessity would have existed for the charge upon circumstantial evidence, and the sole question then would have been, did the court commit error in his finding that appellant was not under arrest when the statements were made? To give our approval to the proceeding complained of would extend the rule so as to permit in every case the trial court to pass to the jury the duty of determining the admissibility of statements by the accused, sought to be introduced by the State and objected to upon the ground that accused was under arrest when they were made if the objection raised any sort of issue of fact upon the question of arrest. This would be confusing the duties of judge and jury to an extent not in consonance with justice. Upon the immediate question we have been considering, only one authority from our own State which has been called to our attention, and we have discovered no other in our own investigation. In Nolen v. State, 8 Texas Crim. App. 585, (at page 595) we find this statement: "The court erred, secondly, in submitting to the jury the question as to whether the defendant was under restraint. Whether the testimony (that is, defendant's confession) was admissible or not was a question of law for the court, and not for the jury; and in a doubtful case the defendant should have had the benefit of the doubt."

We have discussed the question at greater length than we would ordinarily have thought necessary because since the Nolen case was decided the rule of submitting controverted issues of fact upon the question of the "voluntary" character of confessions to the jury seems to have become the settled law in our state, and it appeared

to be proper to call attention to the proper practice even in such instances for the court to first determine the admissibility of the confession; and then for us to further consider whether with propriety the rule, under the limitation stated, should be extended to cover the question of defendant's arrest.

When appellant objected to the reception in evidence of the statements made by him asserting that he was under arrest, the court should have retired the jury, and heard the testimony pro and con upon that issue, and determined whether the proffered evidence was admissible. Appellant then, as well as this court, would have had the benefit of his judgment in the matter. As it is both are deprived of it. If the learned trial judge should have reached the conclusion that appellant was under arrest, then in justice and under all the rules of evidence the statement should not have gone to the jury at all; without his ruling upon the matter a condition arises where the trial judge may have believed appellant was under arrest and that the evidence should be excluded, but declining to rule upon its admissibility passes the question to the jury, leaving both the trial court and this court in a position where it is impossible to know how the jury determined it or whether or not they considered the evidence sought to be excluded, which in the last analysis would make of us not a reviewing court, but would force us to determine in the first instance and for the first time whether appellant was or was not under arrest when the statements were made.

For the reason given the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 18, 1924.

MORROW, Presiding Judge.—Consideration has been given to the motion for rehearing and to the oral argument of State's counsel in support of it.

The conclusion stated in the original opinion is an application of what we understand to be the general rule of evidence, namely, that it is primarily the office of the judge to determine the admissibility of evidence. On the subject, a text-writer uses this language:

"Necessity is a part of the law of the land, supreme within its sphere. There are facts upon which, if a court does not pass, it cannot discharge its functions; therefore it decides them." (Bishop's New Crim. Proc., 2nd Ed., Vol. 2, Sec. 989.)

From the same author we quote further:

"The judge,—within a doctrine already explained (Sec. 898, supra), and as a preliminary without which no confession can go to the jury, determines, on testimony laid before him, both for and

against, whether or not to admit the particular one; the burden being on the prosecuting power that tenders the confession. His decision covers, besides the law, the fact, as to which it is not ordinarily to be disturbed on review; and the jury can pass merely on the effect of the confession in evidence. This is the doctrine of reason, supported by more of the cases, but we have a few, which seem to accord something more to the jury, or place on the defendant the burden of proving the inadmissibility.'' (Bishop's New Crim. Proc., 2nd Ed., Vol. 2, Sec. 1220.)

There may be departures from this rule, but they are exceptions in their nature and do not become the rule. We understand that where a verbal confession on its face is voluntary and not offensive to the statute upon the subject is offered in evidence, it is incumbent upon the accused to call its admissibility in question by the introduction of evidence. This principle applies when the State offers in evidence a declaration, criminative in its nature, which the accused contends should not be received because he was under arrest at the time it was made. Williams v. State, 19 Texas Crim. App., 279. This preliminary inquiry may and should, upon request of the accused be made in the absence of the jury. If, after hearing the inquiry, the judge is of the opinion that the proffered evidence is admissible, the evidence on the preliminary hearing may be embraced in a bill of exceptions so that the reviewing court may decide with the facts before it whether the ruling of the trial judge was correct. If the evidence touching the arrest is conflicting or its truth called in question, the court, upon the request of the accused, may, by an appropriate instruction, call upon the jury to determine whether at the time the declaration was made the accused was under arrest. It is possible that instances might arise in which, on such request, the court should submit the matter to the jury. We are not to be understood as holding that under the evidence adduced in the trial the confession was not admissible. Our opinion in this and on the original hearing go no further than to declare that the appellant was entitled to the decision of the trial judge on the admissibility of the confession, and that the trial court was not warranted in submitting to the jury the confession, together with the evidence of arrest and calling on the jury to decide the matter as was done against the protest of the appellant.

The motion is overruled.

*Overruled.*