## SIDNEY WARREN v. THE STATE.

### No. 8470.   Delivered November 19, 1924.

### Rehearing denied January 14, 1924.

#### 1.—Manufacturing Intoxicating Liquors—Confession—In Writing—Admissible.

A voluntary statement made, and reduced to writing, signed and sworn to by him in the presence of witnesses, was admissible upon the trial, as evidence against the appellant.

#### 2.—Same—Statement of Accused—Under Arrest—Charge of the Court.

It was not error for the court to refuse to exclude the testimony of the county attorney and the officer who was present, when the appellant made the verbal statement, on the ground that the appellant was under arrest at the time, the court having instructed the jury at appellant's request, that if the appellant was under restraint at the time the statement was made, it should be disregarded. Moreover it was the same in substance as the written statement made, which was properly received in evidence.

#### 3.—Same—Charge of the Court—Properly Given.

Numerous exceptions were reserved by appellant to the court's charge to the jury. None of those objections are well taken. None of the exceptions presented point out any error in the charge.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*W. I. McFarland* and *Wanda & Williamson,* for appellant.

*·Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is manufacturing liquor; punishment fixed at confinement in the penitentiary for one year.

There were found upon the premises of the appellant, about 150 yards from his house, a bottle of whisky hidden in a barrel, a number of barrels of mash suitable for making whisky, and two stills. There was evidence that the stills had been in use, though this was controverted by the appellant. They were complete and suitable for making whisky, though at the time they were found, they were not set up in the position  necessary for their use for that purpose. The appellant was not present, and the officers left word with a neighbor to tell the appellant to come to the office of the county attorney. He did so and made the statement to the county attorney that the still was a community still and that he wanted to plead guilty and pay his fine. At that time there was no charge filed against the appellant, but a search warrant had been issued. About two weeks later, another conversation

with the county attorney took place at the Federal Building in Houston. Appellant then requested the county attorney to aid him in recovering his automobile, stating that he had been arrested by the federal officers for transporting whiskey and that he had been released on bond but that they were holding his automobile. The appellant subsequently made in the examining court and after due warning, a voluntary statement which was reduced to writing, in which he said:

"I am guilty of the charge that you all have me charged with, and ask for the mercy of the court. I am guilty of making whisky, I would not have done it, but I am in bad circumstances in the flooded district and thought I would make a little whisky and see if I could make any money out of it to help myself out and feed my family. I hadn't made any crop in the last four or five years, and thought maybe that I could sell some of it."

In Bill No. 2 there is complaint of the refusal to exclude the testimony of the county attorney and the officer who was present when the appellant made the verbal statement. This motion is based upon the claim that the appellant was under arrest at the time the statement was made.

In Bill No. 4 there are exceptions to the court's charge upon various grounds, namely, that there was an omission to charge that the making of whisky by the appellant was not unlawful unless for the purpose of sale; that his conviction could not be founded upon his confession alone; that the verbal confession was made while under arrest; that the possession of the still and mash did not constitute the offense of manufacturing liquor; that in this character of cases the same quantity of proof is required as in others; that the plea of guilty in the justice court would not sustain a conviction in the present trial. In overruling these exceptions the court, in our judgment, was not in error. It was not lawful to make whisky though not for sale. The State did not rely upon the confession of the appellant alone. Whether the appellant was under arrest or restraint or in custody at the time he made the verbal statement to the county attorney was a matter for the court to decide under the evidence. See Bingham v. State, 262 S. W. Rep., 747. The appellant, in his testimony, claimed that he believed he was under arrest. The evidence adduced by the other witnesses present was adequate to rebut this theory and to sustain the conclusion that at that time he was under no semblance of restraint. However, the court instructed the jury, at the appellant's request, in substance, that if the appellant was under restraint at the time the statement was made, it should be disregarded. Moreover, it was the same in substance as the written statement subsequently made which was properly received in evidence. The former statement, therefore, though improperly received, would not work a reversal, the lowest penalty having been assessed. It was not incumbent upon the court to single out the items of evidence and instruct the jury thereon. The

refusal therefore, to instruct the jury that the possession of the still and mash did not constitute the manufacture of liquor was not error. Nor would it have been proper for the court to have made a comparison of the proof in this and in other cases of felony, or to instruct upon the plea of guilty in the justice court. The document there signed was at the examining trial in which the appellant admitted specifically that he had been engaged in the manufacture of intoxicating liquor. It was authenticated in the manner required by statute, and if voluntary, it was admissible in evidence against the appellant. Appellant asserts that it was not voluntary upon the theory that upon first learning that the equipment and stills had been discovered and upon receiving notice to come to Richmond, the county seat, he went to Houston and there consulted an attorney, reported the facts to him and sought to employ him, when he was told by the attorney that it would be cheaper to plead guilty; that it was a finable case; that upon that information he went to Richmond and there told the county attorney that he wanted to plead guilty and pay his fine for making whisky; that as a matter of fact he had not made any whisky but had only made preparations therefor; that he did not mean to confess his guilt but believing that the case was finable and that the least expensive way to free himself was to pay the fine, he had the conversation mentioned with the county attorney.

According to the appellant's testimony, he said before the examining trial:

"I made a free, voluntary and signed statement. The statement was true then and is true now except that part about my pleading guilty."

He said he did not say he was guilty of making whisky; that he did not remember having said that. The written and signed statement made at the time of the examining trial was certified, and fortified in addition thereto by the testimony of the Justice of the Peace before whom it was made and two witnesses who signed it, who supported its authenticity and accuracy. In this state of the record it seems manifest that the court would not have been authorized to instruct the jury to disregard it. The most that could be contended upon behalf of the appellant would be that there was an issue of fact touching the voluntary nature of the confession. The confession was not alone relied upon. The evidence aside from the confession, would have warranted the jury in finding that the appellant was manufacturing whisky. There were found upon his premises many barrels of mash with which whisky could be made and stills adequate to make it. He testified that he had had the stills but two weeks and got them for the purpose of making whisky, but that he was arrested before he carried his intention into effect. He claimed that the whiskey which was found had been purchased by him and given to his wife. He also said that he had heard that there was good profit in selling whisky

98 Tex. Crim.—41.

and that it was not a penitentiary offense .to make and sell it. Ten days before his arrest he had set the mash and placed the stills where they were found; that he had eighteen or twenty 40-gallon barrels of mash. The evidence supports the finding of the jury that the appellant's efforts went beyond the point of preparation and that he had actually made whisky.

Finding no error, the judgment is affirmed.

*Affirmed.*


ON REHEARING.

LATTIMORE, JUDGE.—Appellant insist in his motion that the *corpus delicti* is not established by the facts in the record. On his trial he admitted that he bought the stills found near his home and placed them where they were located. At his examining trial, after due warning in conformity with law, he signed a written statement in which he expressly said he was guilty of the charge and used the following language: "I am guilty of making whisky." In addition to finding the stills, the officers testified that same showed signs of use,—were smutty and had been on the fire; ashes and evidence of the existence of a fire at said place also were found; dog irons upon which the stills could have been supported were near by. Many barrels of mash and a bottle of whisky were also found. These facts amply establish the *corpus delicti,*—and the fact that on the trial appellant took the witness stand and testified that he bought the bottle of whisky mentioned from some unknown party in nowise affects the question. In homicide the *corpus delicti* consists in the establishment of a death by criminal agency, which being shown, the connection of the particular person therewith could be fixed by his own confession. In the case before us whisky was found, it being the manufactured product; ingredients and paraphernalia for such manufacture were also found, and the paraphernalia bore evidence of use manifestly for the purpose for which it was intended. The confession of the appellant amply connected him, as did also other facts in the case.

The motion for rehearing will be overruled.

*Overruled.*