HARRY RASHFELT V. THE STATE.

No. 10069.  Delivered April 7, 1926.

**1.—Theft of Automobile—Statement of Accused—When Under Arrest— Not Admissible.**

Where a city marshal arrested appellant, on suspicion, took him to the county jail, and told the sheriff to hold him for investigation, statements made by appellant after he was locked up in jail, were made while he was under arrest, and it was error to admit the statements, and also to submit to the jury to determine whether he was under arrest at the time.

**2.—Same—Confession of Defendant—When Under Arrest—Rule Stated.**

Whether or not the appellant was under arrest when a statement or

confession is made is for the trial court to determine from the evidence before him, and this issue should not be submitted to the jury. Following Bingham v. State, 97 Tex. Crim. Rep. 594; 262 S. W. 747; Warren v. State, 98 Tex. Crim. Rep. 639; 267 S. W. 723.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for theft of an automobile, penalty two years in the penitentiary.

The opinion states the case.

*Fred E. Young* and *O. S. Thompson*, of Amarillo, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Potter County of the theft of an automobile, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant was placed in the jail at Panhandle, Carson County, by the sheriff at 3:00 o'clock in the morning; that the city marshal, Turner, took the appellant to the jail and awakened the sheriff, who was residing in the jail, and stated to him, "Here's a man I want you to put up. He's snooping around town here and I don't know what he is figuring on." The sheriff testified that he stated in reply thereto, "Well, I'll keep you until morning and investigate you,"—referring to the defendant,—"and if you are all right, there is no harm done, and if you are not we will have you." The state introduced the sheriff as a witness and attempted to have him testify to a conversation he had with appellant after he had received him from the city marshal, whereupon appellant's counsel objected because the appellant was then under arrest, had not been warned, and the purported statement had not been reduced to writing. It appears that the learned judge entertained some doubts as to the appellant being under arrest, overruled the objection raised, permitted the testimony to go to the jury, and submitted the issue as to whether or not the appellant was under arrest in his general charge for the determination of the jury; to all of which action of the court the appellant objected.

We think the contention of the appellant is correct; that the facts stated clearly show that the appellant was under arrest, and if the evidence is the same upon another trial, the court should so hold, and that it was error to submit said issue to the jury. In the case of Bingham v. State, 97 Tex. Crim. Rep. 594,

262 S. W. 747, this court held that it was the duty of the trial court to determine whether or not the facts showed appellant to be under arrest, and same was not an issue to be submitted to the jury. See also Warren v. State, 98 Tex. Crim. Rep. 639, 267 S. W. 723.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.