## RASHFELDT v. STATE. (No. 10069.)

(Court of Criminal Appeals of Texas. April 7, 1926.)

**Criminal law ⟨⟩519(3)—Accused taken by city marshal to jail at 3 in the morning, with request that sheriff residing there put him up as he had been snooping around town, held as matter of law under arrest, and statements to sheriff were therefore inadmissible.**

Accused, taken to jail by city marshal at 3 in the morning, who awakened sheriff residing in jail and asked him to keep accused, as he had been snooping around and he (marshal) did not know what he was figuring on, which sheriff agreed to do until morning, *held* under arrest as matter of law, and therefore oral statements to sheriff without warning to accused were inadmissible.

Commissioners' Decision.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Harry Rashfeldt was convicted of theft of an automobile, and he appeals. Reversed and remanded.

Fred E. Young and O. D. Thompson, both of Amarillo, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. The appellant was convicted in the district court of Potter county of the theft of an automobile, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant was placed in the jail at Panhandle, Carson county, by the sheriff about 3 o'clock in the morning; that the city marshal, Turner, took the appellant to the jail and awakened the sheriff, who was residing in the jail, and stated to him:

"Here's a man I want you to put up. He's snooping around town here, and I don't know what he is figuring on."

The sheriff testified that he stated in reply thereto:

"Well, I'll keep you until morning and investigate you," referring to the defendant, "and if you are all right, there is no harm done, and if you are not, we will have you."

The state introduced the sheriff as a witness and attempted to have him testify to a conversation he had with appellant after he had received him from the city marshal, whereupon appellant's counsel objected because the appellant was then under arrest, had not been warned, and the purported statement had not been reduced to writing. It appears that the learned judge entertained some doubts as to the appellant being under arrest, overruled the objection raised, permitted the testimony to go to the jury, and submitted the issue as to whether or not the appellant was under arrest in his general charge for the determination of the jury; to all of which action of the court the appellant excepted.

We think the contention of the appellant is correct; that the facts stated clearly show that the appellant was under arrest, and if the evidence is the same upon another trial, the court should so hold; and that it was error to submit said issue to the jury. In the case of Bingham v. State, 262 S. W. 747, 97 Tex. Cr. R. 594, this court held that it was the duty of the trial court to determine whether or not the facts showed appellant to be under arrest, and same was not an issue to be submitted to the jury. See, also, Warren v. State, 267 S. W. 723, 98 Tex. Cr. R. 639.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

PER CURIAM. The foregoing opinion by the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.