VERNON McCARTY v. THE STATE.

No. 22126. Delivered June 26, 1942.
Rehearing Denied October 14, 1942.

The opinion states the case.

*Penn J. Jackson,* of Cleburne, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

The State has presented a motion for rehearing convincing us that we were in error in reversing the judgment. Our former opinion is withdrawn and the following one substituted therefor.

The conviction is for theft of cattle. The punishment assessed is two years in the penitentiary.

Appellant contends that the evidence is insufficient to support the conviction.

Melvin Williams testified for the State that on the night of August 3, 1941, he, appellant and E. L. (Shucks) McCarty went to the ranch of Ed Yarbrough in Bosque County and there roped three calves, loaded them in appellant's pick-up truck, carried them to the stockyards at Ft. Worth, in Tarrant County, and there sold them.

The trial court instructed the jury that Williams was an accomplice witness and fully and fairly advised them in said instruction of the necessity and extent of the corroboration of said witness required under the law. The State introduced a

confession of appellant which corroborated the witness Williams in every detail.

When the State offered said confession in evidence appellant objected thereto on the ground that appellant had not been properly warned as required by Art. 727 C. C. P. (1925). The jury was withdrawn, the question inquired into, and the objection was overruled and the confession was admitted. We find no merit in the objection that appellant was not properly warned.

Appellant testified in his own behalf. He repudiated the confession and further testified that he was induced by the sheriff and the county attorney to make the confession; that the sheriff told him that if he confessed to the theft of the cattle they would do what they could to make it lighter on him; that when he refused to make any confession the county attorney told him that they would not let him out on bond; that they would see for how long a time they could send him to the penitentiary; that they then carried him back to jail; that the sheriff declined to accept and approve a good and sufficient appearance bond which he tendered and caused to be tendered to him until he (appellant) made a confession; that after he had made the confession the sheriff did approve the bond and released him.

After appellant had testified substantially as indicated there was no further objection urged against the confession on the ground that it was not voluntarily made. Neither was there any request for its withdrawal from the jury, it having already been admitted in evidence.

The trial court, recognizing that appellant had made an issue as to whether the confession was voluntary, instructed the jury as follows:

"You are further instructed if you should have a reasonable doubt as to whether or not the confession of the defendant introduced in evidence in this case was freely and voluntarily made without compulsion or persuasion, then you are instructed that you cannot consider said confession for any purpose whatsoever, and you will decide this case without any reference whatsoever to said confession.

"You are further instructed that if you should find from the evidence or have a reasonable doubt thereof that the confes-

sion of the defendant introduced in evidence in this case was made because of a statement from Dave Montgomery, Sheriff of Bosque County, or Paul Massey, County Attorney of Bosque County, that they would make it lighter on the defendant or that they would do everything they could to see that the defendant got out lighter or if you should find from the evidence or have a reasonable doubt that said confession was made by reason of a statement from Paul Massey to the defendant in substance, that if he did not come on and tell about this transaction that they would see how long they could send him to the penitentiary, or if you should find from the evidence or have a reasonable doubt thereof, that either Paul Massey, the County Attorney of Bosque County, or the Sheriff, Dave Montgomery, told the defendant that he would not get out of jail until he made a confession or that they would not let him make bond until he made the confession, and that by reason of such statement or any of them, the defendant made the confession introduced in evidence, then you will disregard said confession altogether and not consider same for any purpose whatsoever in this case, and you will decide this case without any reference whatsoever to said confession."

Appellant complained because the court did not also instruct the jury that in the event they disregarded the confession they should acquit appellant, it being his contention that no other evidence in the record met the requirements of the law regarding corroboration of an accomplice witness.

Appellant relies on Melton v. State, 127 Tex. Cr. R. 399, 77 S. W. (2d) 243 and Ball v. State, 118 Tex. Cr. R. 579, 39 S. W. (2d) 619. He recognizes that the two cases mentioned were expressly overruled in Martinez v. State, 140 Tex. Cr. R. 159, 140 S. W. (2d) 187, but insists that the facts here present are different from those dealt with in that case, and, therefore, urges that the holding in Ball's and Melton's cases should still apply here. We are not in accord with such contention. The question had our most serious consideration in the Martinez case because it carried the death penalty, and the cases mentioned were not overruled without much deliberation. We can not add to what we said in the opinion in Martinez's case as the reason for the conclusion there reached, which we still think is correct.

It is argued that without an instruction as requested it is impossible for this court to know whether or not the jury con-

sidered the confession. This would be true in every case where a confession or dying declaration was used by the State and the issue of its admissibility submitted to the jury. That is the reason why such practice is not followed in some jurisdictions and questioned in others. We had occasion to remark upon the difficulties arising from our practice in Bingham v. State, 97 Tex. Cr. R. 596, 262 S. W. 747.

The trial court having given a correct instruction upon the necessity and extent of corroborating an accomplice witness, and also a fair and complete charge regarding the necessity of the voluntary character of the confession, it is to be presumed that the jury followed the instructions. If, as appellant contends, there was no sufficient corroboration without the confession, the legal presumption would seem to be that the jury considered the confession, otherwise, there would have been an acquittal.

The State's motion for rehearing is granted, the order of reversal is set aside, and the opinion so directing is withdrawn, and the judgment of the trial court is now affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's motion is but a reiteration of matters originally complained of and noticed in our original opinion. We think such were therein properly disposed of, and see no reason to change our ruling thereon.

The motion will be overruled.