## Charles L. Gipson v. The State.

No. 22829. Delivered May 10, 1944.
Rehearing Denied June 21, 1944.

The opinion states the case.

*E. E. Fisher,* of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder is the offense; the punishment, twelve years' confinement in the state penitentiary.

That appellant killed his estranged wife, by choking her to death with his hands, is established by his written confession and by his own testimony.

The defensive theory was that of a lack of intent to kill, and self-defense, not only from the attack of deceased but also from the joint attack of deceased and another party.

No useful purpose would be served to detail the facts at any length. The issues arising thereunder were pertinently submitted by the trial court in his charge. No exceptions were reserved thereto.

Only one bill of exception appears in the record, which complains of the introduction in evidence of the written confession, it being contended, among other things, that same was not freely and voluntarily made, but was the result of physical violence on the part of the officers to the appellant, while he was under arrest. The confession showed, on its face, that it was taken in accordance with the requirements of the statute (Art. 727, C. C. P.). The officers before whom, and to whom, it was made, as well as the witnesses thereto, testified that no physical violence, abuse, promises, or coercive methods were used in obtaining the confession. According to their testimony, the confession was entirely free and voluntary.

Appellant testified that he made the confession only after he had been struck by the officers and threatened with further violence; and that he was not warned that he did not have to make any statement, but was told that, if he would make the statement, it would help him. There is no fact or circumstance, so far as we have been able to find, corroborating, or tending to corroborate, appellant's testimony upon this question.

Hence, as the matter is here presented, the evidence for the State shows that the confession was freely and voluntarily made, while that for the appellant alone shows that it was not. Under such circumstances, it has long been the rule in this State that the issue of fact thus arising is for the jury's determination along with the entire case, under a proper instruction from the trial court to the effect that, if they entertained a reasonable doubt as to whether or not the confession was freely and voluntarily made, to disregard the same. 18 Tex. Jur. p. 188. The trial court, in his charge, gave such an instruction. Appellant's objection to the introduction of the confession was properly overruled.

Appellant contends that the facts are insufficient to show a killing upon malice aforethought. While it is true that the instrumentality used by the appellant in causing the death of

the deceased, viz., his hands, was not a deadly weapon per se, yet, when all the facts and circumstances are taken together, they are sufficient to authorize the jury's conclusion that death was intended. Particularly is this true in view of the evidence that the appellant choked the deceased with his hands for about fifteen minutes and until his hands became tired.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed quite a lengthy motion for a rehearing in which he asserts that we erred in our original opinion in declining to hold the evidence insufficient to show, beyond a reasonable doubt, that he was guilty of murder with malice.

The issue of whether the killing was with or without malice was a question of fact under the peculiar facts of this case, and we would not be justified in holding, as a matter of law, that there is not any evidence from which the jury could reasonably draw the conclusion that he acted with malice aforethought.

We have read the motion for a rehearing with great care but remain of the opinion that the case was properly disposed of on the original submission.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.