## WILLIE FLOYD LAW V. STATE

No. 29,490. February 5, 1958.

*Royce E. Ball*, Lubbock, for appellant.

*George E. Gilkerson*, District Attorney, *Gene S. Cobb* and *Donald L. Bookout*, Assistants District Attorney (By *George E. Gilkerson*), Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, life imprisonment.

The trial was had in Lubbock County on a change of venue from Crosby County.

The deceased, Elbert T. Wallace, resided in the town of Crosbyton where he was employed as the night attendant of the Odell Justice grocery and filling station.

On the evening of August 1, 1956, the deceased reported to work at the station around 7:00 P.M. Later in the night, around 1:00 A.M., the dead body of the deceased was discovered under a counter in the building and all the money in the cash register was missing.

The evidence shows that the deceased had been struck on the back of the head twice by some heavy instrument and that the cause of death of the deceased was fracture of the skull and concussion of the brain.

In the investigation which followed, appellant was arrested on the evening of August 2, 1956, and on August 6, 1956, signed a written statement at the headquarters of the Texas Department of Public Safety in Austin, in which he admitted that he had gone to the place where the deceased was employed on the night in question in company with a companion and that he hit the deceased on the back of the head with a crow bar and his companion took the money.

Upon the trial the state relied upon the appellant's written confession to connect him with the crime.

After the officer to whom the confession was made testified that appellant was duly warned and that no force, duress or coercion was used to obtain the confession it was admitted in evidence.

Appellant objected to the confession and contended that it was not voluntarily made and was inadmissible as a matter of law.

Before the confession was admitted in evidence, appellant requested the court to permit him to testify in the absence of the jury for the purpose of proving the involuntariness of the

confession in order that the court might determine its admissibility as a matter of law.

Appellant's request was by the court refused and thereafter appellant, upon taking the witness stand in his own behalf, related his version of the circumstances surrounding his making the confession which supported his contention that it was involuntarily made.

In refusing appellant's request that he be permitted to testify in the absence of the jury relative to the voluntariness of the confession, the court erred.

The admissibility of a written confession in evidence is a question of law for the court and when objected to the matter should be first inquired into by the court out of the presence of the jury. Vaughn v. State, 145 Texas Cr. Rep. 128, 166 S.W. 2d 139. Where the evidence is conflicting and presents a fact issue as to whether the confession was freely and voluntarily made it then becomes a matter for the jury's determination under appropriate instructions. Gipson v. State, 147 Texas Cr. Rep. 428, 181 S.W. 2d 76.

In Bingham v. State, 97 Texas Cr. Rep. 594, 262 S.W. 747, the rule is stated as follows:

"The learned trial judge appears to have overlooked the fact that in this state as well as in other jurisdictions where the question of the voluntary character of the confession is finally submitted to the jury it is still the duty of the court to first determine its admissibiilty, and, if an issue of fact be raised, then to let all the evidence upon the issue go to the jury in order that they may be able to pass upon that question as well as to determine the weight to be given the admission or confession."

* * * Ruling Case Law, Sec. 123, states the rule as follows:

" 'To enable the court to make up its mind as to the voluntariness of a confession offered in evidence a preliminary investigation into the circumstances surrounding the confession is ordinarily made, at least when the defendant raises an objection to the admissibility of the confession. The better rule and the one supported by the weight of authority is that a preliminary investigation made by the court to determine whether a confession offered in evidence is voluntary and therefore admissible should be made out of the presence of the jury, especially if the defendant requests it.' "

In the recent case of Davis v. State, No. 29,246, delivered December 4, 1957, (page 456 this volume), 308 S.W. 2d 880, the rule was restated by this court in its opinion reversing the conviction because of the court's action in declining the request of the accused that he be permitted, in the absence of the jury, to develop the facts surrounding the making of the confession in order that the court might determine its admissibility as a matter of law.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.