Juan Ruiz MORENO, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 25458.

United States Court of Appeals
Fifth Circuit.

Aug. 11, 1969.

W. G. Smith, Houston, Tex., for appellant.

Robert E. Owen, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for appellee.

Before COLEMAN and GODBOLD, Circuit Judges, and RUBIN, District Judge.

GODBOLD, Circuit Judge.

By petition for writ of habeas corpus appellant asserted in the district court that his confession, admitted into evidence in a Texas state prosecution, was involuntary. The petition was denied in reliance on Henry v. Mississippi,[1] on the ground that strategy employed by appellant's trial counsel constituted a deliber-

1. 379 U.S. 443, 85 S.Ct. 561, 13 L.Ed.2d 408 (1964).

ate bypass of the Texas state procedure for determination of voluntariness in effect at the time of his trial. Appellant contends that either he should have been released by the habeas court because the confession was coerced or the case should have been remanded to the state court for determination of the coercion issue according to Jackson v. Denno [2] procedure.

Appellant was convicted in March, 1960 in Texas state court of unlawful possession of a narcotic drug and sentenced to serve from two to thirty-five years. During the trial the court held that search warrants used to gain admittance to appellant's house were invalid. It admitted into evidence only those portions of appellant's confession relating to evidence found at his mother's house.[3] At the time the confession was offered in evidence the trial judge informed appellant's counsel: "You are entitled to examine it [sic] in the absence of the jury if you so desire." The jury was excused. After voir dire examination of one of the arresting officers concerning the legality of the officer's presence in appellant's house, counsel objected to the confession as being the fruit of an illegal search. The trial judge, prior to bringing the jury back, asked counsel if he also desired to question concerning voluntariness. Counsel for appellant replied that he was limiting his objection to the "illegal fruit" theory. The reasons given at the habeas hearing for this decision of defense counsel are discussed below.

The Texas Court of Criminal Appeals affirmed the conviction.[4] Three separate applications for habeas corpus have been denied by state court.[5]

Appellant filed the present petition in April, 1966. Counsel was appointed and an evidentiary hearing was held in April, 1967. Testimony was presented by both sides on the methods used to obtain appellant's confession. The evidence produced at the hearing raises a substantial issue of the voluntariness of the confession. Also it reveals that, as normally would be true, the testimony of appellant himself is material to the issue of voluntariness. Appellant's trial counsel, Clyde W. Woody, an experienced Texas criminal defense lawyer, testified at the habeas hearing. He stated that he did not contest the voluntariness of appellant's confession [6] because he thought that claiming the confession was coerced would have required putting appellant on the stand and exposing him to cross-examination on all aspects of the case in front of the jury, which would have prejudiced appellant and endangered the favorable rulings that had been obtained on the search warrants.[7] The district court ruled that there had been a deliberate bypass of the then existing state procedure.

Defense counsel Woody was correct in his analysis of Texas law. At the time of appellant's trial there may have been a question about which procedure Texas followed in determining the voluntariness of a confession, see Jackson v. Denno, *supra* at 399, 84 S.Ct. at 1792, 12 L.

2. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

3. The court concluded that appellant did not have standing to contest the admission of the fruits of the search of his mother's house so that the parts of the confession relating to that evidence were not tainted.

4. Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455 (1960).

5. One application was denied without written opinion on October 18, 1962. Another application was denied on June 16, 1965. Ex parte Moreno, 391 S.W.2d 737 (Tex. Cr.App.1965). A third was denied Feb-

ruary 15, 1966, again without written opinion. The state asserts in its brief that an application was denied on November 19, 1962, but the record is silent with regard to any such application.

6. There was other evidence from which it could be inferred that Woody knew a claim of involuntariness might be present. Appellant had complained to Woody of alleged police brutality, and Woody suggested that appellant see his family doctor.

7. Also counsel was confident that the court's refusal to exclude the entire confession as a fruit of an illegal search would be reversed.

Ed.2d at 928 (appendix to majority opinion); *Id.* at 417, 84 S.Ct. at 1802, 12 L.Ed.2d at 939 (appendix to dissenting opinion); Texas v. Graves, 380 F.2d 676, 680–681 (5th Cir. 1967). The Texas Court of Criminal Appeals ended the doubt in Lopez v. State, 384 S.W.2d 345 (Tex.Cr.App.1964). There, the concurring opinion characterized the prior Texas procedure as follows:

> The Texas procedure followed in appellant's trial is similar to the New York rule in that the trial judge *is not bound* to resolve conflicting evidence bearing on the voluntariness of the confession before he admits it in evidence to the jury, 384 S.W.2d at 349 (Woodley, P. J., concurring) (emphasis on original).[8]

Presiding Judge Woodley then added: "It follows that the Texas rule does not meet the test adopted by the Supreme Court in Jackson v. Denno." *Id.*[9]

At the time of appellant's trial Texas also followed the rule that when a defendant took the stand for any reason he became a witness for all purposes. "[T]he rule is that his voluntary offer of personal testimony, deemed by him competent and material to the issues, amounts to a waiver of his privilege [against self-incrimination] as to any relevant fact, and he may not thereafter answer only questions the reply to which would favor himself, but he must yield to all pertinent inquiry." 62 Tex.Jur.2d, Witnesses, § 205, at 133 (1965). "Moreover, in its cross-examination the state is not restricted to matters brought out on the direct examination; it may question as to any matter pertinent to the issue or connected with the case, though the matter was not inquired about or testified to on his examination in chief." *Id.* at 132. In this regard, the Texas Court of Criminal Appeals had specifically ruled that it was not error to refuse to allow an accused to testify for the limited purpose of showing the involuntary character of a confession. Rubens v. State, 166 Tex.Cr.R. 71, 311 S.W.2d 242 (1958).[10]

We hold that the failure of appellant's trial counsel to question whether the confession was voluntary was not a deliberate bypass of an available state procedure and appellant is not precluded from now raising that issue.

■ Whether there has been a deliberate bypass of a state procedure rests on the familiar waiver standard of whether there has been "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). As the Supreme Court explained in Fay v. Noia,[11] the federal habeas judge has a limited discretion to "deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." Id. at 438, 83 S.Ct. at 849, 9 L.Ed.2d at 869. But the Court carefully described the boundaries of this bypass doctrine:

> But we wish to make very clear that this grant of discretion is not to be interpreted as a permission to introduce legal fictions into federal habeas

---

8. *Accord*, e. g., Law v. State, 165 Tex.Cr. R. 542, 309 S.W.2d 443 (1958); Williams v. State, 164 Tex.Cr.R. 347, 298 S.W.2d 590, cert. denied, 355 U.S. 850, 78 S.Ct. 65, 2 L.Ed.2d 52 (1957); Vaughn v. State, 145 Tex.Cr.R. 128, 166 S.W.2d 139 (1942).

9. The court set forth the procedure to be followed in future cases when the voluntariness of a confession is contested in order to comply with Jackson v. Denno. Subsequently, as a part of a complete revision of the Texas Code of Criminal Procedure, the state legislature adopted the procedure outlined in *Lopez.* *See* Vernon's Ann.Tex.Code Crim.P.Ann. art. 38.-22 (Supp.1968).

10. Lopez v. State, *supra,* changed this rule so that a defendant in Texas may now take the stand for the limited purpose of contesting the voluntariness of his confession without waiving his privilege against self-incrimination in regard to other matters. *See also* Tex.Code Crim.P. Ann. art. 38.22 (Supp.1968).

11. 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

corpus. The classic definition of waiver enunciated in Johnson v. Zerbst * * * furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forwent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default. Id. at 439, 83 S.Ct. at 849, 9 L.Ed.2d at 869.

█ Under these principles appellant did not deliberately bypass Texas state procedures. At the time of appellant's trial in 1960, according to the Texas Court of Criminal Appeals, the issue of voluntariness was for the jury. Lopez v. State, *supra.* It was not until 1964 that Jackson v. Denno declared that voluntariness must be decided independently by the judge prior to the admission of the confession. Thus when appellant was tried neither he nor his counsel knew, or could have known, of the right to a hearing on voluntariness outside the presence of the jury. Appellant did not waive a "known" right. Gladden v. Unsworth, 396 F.2d 373 (9th Cir. 1968); *see also* Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968); Johnson v. Zerbst, *supra;* United States ex rel. Floyd v. Wilkins, 367 F.2d 990 (2d Cir. 1966). The fact that Jackson v. Denno has been applied retroactively indicates acceptance of this conclusion.[12]

█ In answer to the question of the court as to whether he wished to inquire into the voluntariness of appellant's confession, defense counsel said he was limiting his inquiry to "illegal fruits." No objection was made concerning the procedure for determining voluntariness. But this does not preclude applicant from asserting his right to a constitutional mode of determining voluntariness, since the choice of trial strategy was dictated by an unconstitutional procedure. *Cf.* Grosso v. United States, *supra;* Gray v. United States, 407 F.2d 830 n. 4 (5th Cir. 1969). A waiver could not result from a deliberate choice of trial strategy based on an unwillingness to expose appellant to the existent Texas procedure not then known to be unconstitutional. Henry v. Mississippi is not to the contrary." [13]

Our decision is not changed by the fact that appellant conferred with his counsel concerning the attack on voluntariness nor by the fact that there is ev-

12. This court previously has held Jackson v. Denno to be retroactive. *See* Smith v. Texas, 395 F.2d 958 (5th Cir. 1968); Burns v. Beto, 371 F.2d 598 (5th Cir. 1966). *See also* Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed. 2d 601 (1965); Heryford v. Parker, 396 F.2d 393 (10th Cir. 1968); Gladden v. Unsworth, *supra;* Schmear v. Gagon, 396 F.2d 786, 787 (7th Cir. 1968); Lundberg v. Buchkoe, 389 F.2d 154 (6th Cir. 1968); Johnson v. Bennett, 386 F. 2d 677 (8th Cir. 1967); Clifton v. United States, 125 U.S.App.D.C. 257, 371 F.2d 354 (1966).

13. The habeas court, relying on *Henry,* rested its decision squarely on the choice made by defense counsel. In *Henry* the Supreme Court did not rule on whether the defense counsel had bypassed an available procedure, but remanded the case to the state court for a determination of that issue. The bypass in *Henry* was the failure to make a contemporaneous objection to illegally obtained evidence. A constitutional procedure was available. Evidence subsequently developed indicated that the defense counsel knew of the procedure's existence. See the subsequent history of *Henry* in the Mississippi courts at 198 So.2d 213 (1967) and 202 So.2d 40 (1967), cert. denied, 392 U.S. 931, 88 S.Ct. 2276, 20 L.Ed.2d 1389 (1968). As previously noted defense counsel Woody had no such knowledge. *See* text preceding note 12 *supra.*

idence from which it could be inferred that he at least acquiesced in the decision and thought it proper at the time. Such acquiescence is not a waiver nor does it cause his counsel's actions to be a waiver, since appellant, like his lawyer, had no knowledge that the Texas procedure, exposure to which he was avoiding, was unconstitutional.

■ A trial court is not in error for failing to inquire *sua sponte* into voluntariness, where that issue is not raised. *E. g.*, Evans v. United States, 377 F.2d 535 (5th Cir. 1967); Lundberg v. Buchkoe, 389 F.2d 154 (6th Cir. 1968). The issue before us, however, is not failure of the trial court to look into voluntariness but inability of defense counsel to have voluntariness determined under a procedure meeting constitutional standards and the effect of his decision not to subject his client to an unconstitutional state procedure.[14]

■ Although a full evidentiary hearing was conducted by the habeas court no findings were entered on the issue of voluntariness. Following the prior decisions of this court, Black v. Beto, 382, F.2d 758 (5th Cir.) cert. denied, Board of Pardons and Paroles of Tex. v. Black, 389 U.S. 1041, 88 S.Ct. 782, 19 L.Ed.2d 832 (1968); Williams v. Beto, 386 F.2d 16 (1967), and the procedure outlined in part IV of Jackson v. Denno,[15] the State of Texas should have the first opportunity to determine whether the confession used against appellant was voluntary. The judgment below is reversed and the case remanded to the district court with instructions to allow the state a reasonable time to afford

Moreno a hearing on voluntariness or a new trial, failing which he is entitled to his release.

Reversed and remanded.

---

14. We are aware of the cases cast in the mold suggested by the dissenting opinion of Justice Harlan in Fay v. Noia, 372 U.S. at 472, 83 S.Ct. at 866, 9 L.Ed.2d at 888, that a defendant may not constitutionally be required to elect between two constitutional rights. *See*, Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Jackson v. Denno, *supra*, 378 U.S. at 389 n. 16, 84

S.Ct. at 1787, 12 L.Ed.2d at 923; Fay v. Noia, supra; Calloway v. Wainwright, 409 F.2d 59 (5th Cir. 1968); Whitus v. Balkcom, 333 F.2d 496 (5th Cir. 1964). We do not discuss this rationale, since we apply the bypass doctrine and conclude that there was no bypass.

15. *See also* Burns v. Beto, 371 F.2d 598 (1967); Ex parte Engle, 418 S.W.2d 671 (Tex.Cr.App. 1967).