Washington v. The State.|

THOS. N. MCCLELLAN, Attorney-General, for the State, contended that the proceedings before the justice of the peace were void, and that the plea was fatally defective in several particulars.

# Washington *v.* The State.

### *Indictment for Arson.*

1. *What building is within curtilage of dwelling-house.*—A barn, one end of which opens into the yard surrounding the dwelling-house, forming a part of the fence which separates the yard from another inclosure, is " within the curtilage of the dwelling-house," as the words are used in the statute (Code, § 4347) defining arson in the second degree.

FROM the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

GORDON MACDONALD, for the appellant.

THOS. N. MCCLELLAN, Attorney-General, for the State, cited *Ivey v. State*, 61 Ala. 58 ; *Fisher v. State*, 43 Ala. 17 ; *State v. Whit*, 4 Jones, N. C. Law, 349.

CLOPTON, J.—The bill of exceptions does not purport

[McKee v. The State.]

to set out the entire evidence, and all reasonable presumptions will be indulged to sustain the rulings of the court. The defendants were indicted, under section 4347 of the Code, for having willfully set fire to or burned a barn, the property of L. L. Hill, being within the curtilage of his dwelling-house. The barn was situated with the front end in the rear yard of the dwelling, constituting a part of the inclosure of the yard, the rear part extending into another inclosure. Curtilage, as used in the statute, certainly includes the yard or space of ground near to the dwelling-house, contained in the same inclosure, and used in connection with it by the household. On the evidence in this case, the barn, opening into the yard immediately surrounding the dwelling, and forming a part of the inclosure, must be regarded, in legal contemplation, as one of the cluster of buildings appurtenant to, and used for domestic purposes in connection with the dwelling, and as within the curtilage. *Fisher v. State*, 43 Ala. 17; *Pritcher v. People*, 16 Mich. 142; *State v. Whit*, 4 Jones' L. (N. C.), 349; 1 Whar. Cr. Law, § 783.

Affirmed.