### W. H. GUNTER V. THE STATE.

No. 11384.   Delivered April 4, 1928.

1.—**Transporting Intoxicating Liquor—Search Without Warrant—Probable Cause Not Shown—Error.**

Where officers searched the automobile of appellant, parked in front of a building, without a warrant, and the officer making the search testified that he had no more reason to suspicion that this car contained liquor than he would any other car that may have been driven up to Walnut Rooms, and parked," such search was illegal, and evidence secured by same was inadmissible.

2.—**Same—Continued.**

Nor would the fact that the officers had information that whiskey was to be delivered to the Walnut Rooms, justify such search, or constitute probable cause.

3.—**Same—Search and Seizure—"Probable Cause"—Rule Stated.**

In Battle v. State, 290 S. W. 762, this court held that "the search of an automobile upon the public highway may be made without warrant where the seizing officer has knowledge or information of facts constituting 'probable cause'."

4.—**Same—Continued.**

"Probable cause has been defined as 'a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person is guilty of the offense with which he is charged'."   See Landa v. Obert, 45 Texas Rep. 539.

5.—**Same—Evidence—Hearsay—Harmful and Prejudicial.**

It was harmful and reversible error to admit in evidence against appellant the affidavit and search warrant upon which the officers searched the house known as Walnut Rooms.   There seems to have been no issue upon which the contents of such instruments were relevant, and the statements contained therein were hearsay.   See Bryant v. State, 150 S. W. 169. Gaunce v. State, 261 S. W. 571.

Appeal from the District Court of Stephens County.   Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Jones & Brown* of Breckenridge, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor, the punishment confinement in the penitentiary for one year.

Officers had a search warrant for the search of the Walnut Rooms in the city of Breckenridge. Appellant, in company with his wife and one Cooper, drove up in a Chevrolet automobile and parked in the street at the curb next to said Walnut Rooms. Appellant owned the car. On parking the car appellant and his companions went to the front of Walnut Rooms, the same being the main entrance to the building. Officers had completed their search of the house and were searching on the outside when appellant drove up. The officers did not know appellant nor his companions and did not know to whom the Chevrolet car belonged. One of the officers followed appellant and his companions to the front entrance of the building for the purpose of ascertaining their identity. Another officer went to the car, searched it and found therein a half-gallon jar of whiskey about two-thirds full and a quart jar about half full of whiskey. Said officers were not armed with a warrant authorizing the search of the car and did not know before making the search that it contained intoxicating liquor. The officer making the search testified that he had no more reason "to suspicion this car of containing intoxicating liquor than he would any other car that may have driven up to the Walnut Rooms and parked." He further stated that he would have searched any car he had seen driving up to said building.

Appellant objected to the receipt of the evidence touching the results of the search on the ground that the search was made without a search warrant and that the officers had no information or knowledge of facts constituting probable cause. The court overruled the objection and qualified appellant's bill of exception No. 1 as follows:

"The witness Deason testified that he had information that whiskey was to be delivered to the Walnut Rooms and that they were watching the premises for that reason and would have searched any car stopping there during that time."

In Battle v. State, 290 S. W. 762, this court held that "the search of an automobile upon the public highway may be made without warrant where the seizing officer has knowledge or information of facts constituting 'probable cause'." Probable cause has been defined as "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person is guilty of the offense with which he is charged." Landa v. Obert, 45 Texas Rep. 539.

We find nothing in the record which would justify the conconclusion that in searching appallant's car the officers acted upon knowledge amounting to "probable cause." It follows that the learned trial judge fell into error in admitting their testimony touching the results of the search.

The propriety of receiving in evidence over appellant's objection the affidavit and search warrant upon which the officers acted in searching Walnut Rooms is not discerned. There seems to have been no issue upon which the contents of such instruments were relevant. The statements contained therein were hearsay. Their admission was error. Where the improper receipt of such evidence is obviously harmful, the error is reversible. Bryant v. State, 150 S. W. 169; Gaunce v. State, 261 S. W. 571.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.