FRANK WILLIAMS v. THE STATE.

No. 12374.   Delivered May 8, 1929.
Rehearing denied June 26, 1929.

220

The opinion states the case.

*McGaugh & Darroch* of Brownwood, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still for manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year.

It appears from the caption of the transcript that the term of court at which appellant was tried adjourned on the 26th day of May, 1928. It appears from the transcript that appellant was tried on the 4th day of September, 1928. The caption apparently fails to reflect the correct date of the adjournment of the court.

Appellant is granted 15 days in which to perfect the record in the particular mentioned.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—The record having been perfected, the judgment of dismissal is set aside, the appeal is reinstated and the case considered on its merits.

Armed with a search warrant officers went to a pasture and found appellant near a still and among 14 or 15 barrels of mash. There were also 15 jars of whisky nearby. Fuel was at hand and it appeared that the still had been in operation. Appellant was uncovering the barrels of mash at the time the officers approached. He

appeared to be tasting the mash. He had mash on his mouth and on his clothing. He told the officers that he had come upon the still and was merely interested in investigating it when they approached. According to a state's witness, appellant went to some parties after the raid and asked them to testify that he was fishing at the time of the raid. Another witness testified that appellant had brought a quantity of sugar to one Jim Rasco's house and that shortly before the raid he had taken some of the sugar away. It was further shown by the state's testimony that appellant had induced a witness to go to San Angelo in order that she might not be called upon to testify before the grand jury. We are of the opinion that the evidence is sufficient to support the conviction.

It was urged that the search was illegal, it being disclosed by many bills of exception that appellant contended that there were defects in the affidavit which made illegal the search warrant under which the search was made. The point where the still was found was in an open pasture. It was a mile from the nearest house to the still. It is unnecessary to determine whether the search warrant was legal. The case of Wolf v. State, 9 S. W. (2d) 350 controls. Discussing the question of unreasonable searches we said in Wolf v. State, supra:

"It is apparent from the precedents that the immunity from interference is founded upon the desire to give effect to the idea that 'a man's home is his castle'; that an unreasonable search is one which trenches upon the peaceful enjoyment of the house in which he dwells or in which he works and does business, and those things connected therewith, such as gardens, outhouses, and appurtenances necessary for the domestic comfort of the dwelling house or that in which the business is conducted. In its limitations, the immunity intended is analogous to that which applies to the curtilage of which the common law speaks, and does not render unreasonable the search of woods, fields, ravines, or open spaces not so connected with the place of business or dwelling, though owned by the same individual. See State v. Shaw, 31 Me. 523; Cook v. State, 83 Ala. 62, 3 So. 849, 3 Am. St. Rep. 688; Washington v. State, 82 Ala. 31, 2 So. 356; State v. Hecox, 83 Mo. 531; Cornelius on Search and Seizure, Section 25, p. 88. The land inclosed seems to have been rough and broken by hills and streams, but a small portion in the valley was in cultivation. The locality of the still was remote from the dwelling and apparently not necessary to the occupation or peaceful enjoyment of the dwelling, or in any way used in connection therewith"

It was error to admit in evidence the affidavit and search warrant. In view of the fact, however, that we find no recitations in said instruments which in our opinion could have influenced the jury to return a verdict of guilty, and, in view of the further fact that appellant received the minimum penalty for an offense which we think the evidence plainly shows that he committed, we would not feel authorized to predicate a reversal on the erroneous reception of such evidence.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not manifested.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The land upon which the mash, still, etc., involved in this case, were located,—was unquestionably not owned by or under the control of appellant. The affidavit set out that the land was the property of one Kelsoe, and the warrant had by the officers directed the search of the property of said Kelsoe, and it was in testimony that the place where the still, mash, etc., were located was on the Kelsoe place. We fail to observe any right on the part of the appellant to object to the introduction of the testimony of the search, under such condition. Nor do we observe under the established facts of this case any possible harm to come in the introduction of an affidavit and a search warrant all of whose allegations were admittedly referring to property under the control of Kelsoe.

It was shown that the house of one Rasco was situated not far from where the still, mash, etc., were located. It was in testimony by a woman who had been staying at the Rasco house that appellant had been staying there from night to night, and that he was there in fact on the night preceding his arrest. He was seen by the officers at about 8:00 o'clock in the morning going to the place where the mash, etc., were located. He was observed to remove the tops from some fourteen barrels of mash and throw the tops over behind the barrels; also to put his face down into each of the barrels, the manifest object being either to test by taste or odor the condi-

tion of the mash. One of the officers testified that appellant had mash on his mouth. It was also shown that he had mash on his clothes, shoes, etc. It was shown that he had brought sugar in large sacks to the Rasco home, and that on the day preceding this raid and arrest he had carried away from said house a good sized sack of sugar. A good sized sack of sugar was found at the place where the mash was. As stated in the original opinion, appellant sought to have witnesses testify for him that he was fishing and had hooks set out. He introduced no witnesses to testify to this fact. We have considered each of the contentions made by appellant in his motion for rehearing and find ourselves unable to agree with same.

The motion for rehearing is overruled.

*Overruled.*