## W. B. HAMILTON v. THE STATE.

No. 14546. Delivered February 24, 1932.
State's Rehearing Denied May 4, 1932.

The opinion states the case.

*Fred H. Woodard* and *R. H. Beeville,* both of Amarillo, for appellant.

*Edw. W. Thomerson,* District Attorney, of Amarillo, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

Possessed of a search warrant, two officers searched the house of the appellant. A woman and children were present, whom the officers took to be the family of the appellant. He was not present at the time of the search, which took place about eleven o'clock in the morning. He appeared there and was arrested soon after the search was completed.

The statement of facts is somewhat confusing touching the quantity of whisky that was on the premises. There were a number of empty new bottles, an empty keg, and some liquid spilled upon the floor which had the odor of whisky and which the witness described as whisky, stating, however, that he based his opinion entirely upon the odor, a mere circumstance, which standing alone, was not conclusive.

There was exhibited to the jury what was described as jars containing about a half-gallon and a pint of whisky; at least more than a quart.

The appellant introduced no testimony. He challenged the sufficiency of the affidavit for the search warrant upon the ground that it did not disclose the name of the person from whom the affiants received the information upon which they based their averment of "probable cause". The unsoundness of the contention has been declared by this court a number of times. See Rozner v. State, 109 Texas Crim. Rep., 127, 3 S. W. (2d) 441, and precedents therein cited.

The grounds of belief in the affidavit for the search warrant are as follows:

"The affiant, Chas. Bebout, says, 'I have just been informed this date by a credible person that there is now stored at said place intoxicating liquor for the purpose of sale and that same is being sold and delivered from said place. I have also been informed that last night the above mentioned party carried a case of bottles in said place and used them for bottling liquor. I have also been informed by a credible person that he seen a Ford car unload a load of whisky out of said car in said car driven by Hamilton and that said whisky was hauled and stored by said party for the purpose of sale.'

"And affiant, C. W. Farley, says, 'I was present with Mr. Bebout and heard the above report made and believe them to be true. I have also been informed by a credible person that the said above-mentiond party is selling intoxicating liquors and delivering same from said place. I have also been told by a credible person that they had seen said Mr. Hamilton sell and deliver liquors.' "

Over the objection of the appellant, the affidavit for the search warrant, as well as the warrant itself, was introduced in evidence. That the recitals in the affidavit, being hearsay, are not properly receivable in evidence over objection has been frequently announced by this court. Whether in a given case the introduction of such evidence will authorize a reversal, depends upon the evidence adduced upon the trial. See McFarland v. State, 110 Texas Crim. Rep., 101, 7 S. W. (2d) 955; Booth v. State, 110 Texas Crim. Rep., 548, 9 S. W. (2d) 1032; Gaunce v. State, 97 Texas Crim. Rep., 365, 261 S. W., 577. See, also, Shepard's Texas Citations, supplement, August, 1931, page 133.

In the present instance, it was the duty of the jury to determine not only that the appellant possessed intoxicating liquor, but that he possessed it for the purpose of sale. To meet this requirement, the state relied upon circumstantial evidence, and the jury was so instructed. The appellant was not present at the time it was claimed that the officers found the whisky upon his premises. It is by inference that his identity as the possesor of the premises is established. Assuming the jury to have been satisfied that the house was that of the appellant and that he was responsible for the presence of the liquor there, the question of the purpose for which it was possessed was a conclusion to be reached, not from direct proof but from circumstances, particularly the presence of more than a quart of liquor. Considering the nature of the issues, as pointed out, the hearsay statements in the affidavit for the search warrant cannot be regarded as other than harmful. Particularly is this true of the statement found in the affidavit that the officer had been informed that "last night (the appellant) carried a case of bottles in said place and used them for bottling liquor", and also the following statement: "I have

also been informed by a credible person that he seen a Ford car unload a load of whisky out of said car in said car driven by Hamilton and that said whisky was hauled and stored by said party for the purpose of sale."

Aside from these hearsay declarations, there was, as stated above, no direct testimony that the appellant possessed whisky or that he had it for the purpose of sale.

Taking note of the number of instances in which this court has found it necessary to reverse judgments of conviction on account of the reception in evidence of the recitals of facts embraced in the affidavit for the search warrant, the continued frequency with which the error is repeated is the subject of wonder.

For the reasons stated, the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The state seeks a rehearing, setting up that certain statements in the statement of facts and bills of exception do not correctly reflect what took place. Ours is simply a reviewing court, and the record of what took place upon the trial, is made and certified to in the trial court, and same imports verity and is accepted by us as correct. When a bill of exception certifies, as appears in bill of exception No. 2, as follows: "Thereupon, the court overruled the objection of the defendant to the introduction of the affidavit and search warrant in evidence, and the defendant then and there duly excepted in open court, etc. Examined, approved and signed by me and ordered filed as part of the record in this cause," and same is signed officially by the judge of the trial court, it is difficult to see how we could do more than accept the statement that the affidavit and search warrant were "introduced in evidence". Again in bill of exception No. 6, it is stated that Mr. Bebout "was shown the instrument marked 'State's Exhibit A', being the affidavit for a search warrant, together with the instrument marked 'State's Exhibit B', being the search warrant issued upon the aforesaid affidavit, * * * the state then offered them in evidence". It is further stated in the bill that the defendant objected to the introduction of the search warrant, and the court after having considered all of the said objections made by the defendant permitted the state to introduce in evidence the affidavit referred to and the search warrant issued thereon, copies being attached to this bill of exception, to which admission of said affidavit and search warrant in evidence, and the overruling of defendant's objections thereto, the defendant excepted, etc. As indicated in the original opinion, this court has held with practical unanimity that the introduction in evidence of the search warrant and affidavit puts before the jury hearsay evidence which may be very harmful. If upon objection to testimony

as to the result of a search by officers operating under a search warrant, there is exhibited to the court for his inspection and in order to enable him to pass upon the legality of the search,—the affidavit for search warrant and the warrant issued thereon,—it would not appear difficult for the court to see that the record on appeal makes such facts plain. We regret that we can not consider ex parte affidavits in passing upon the correctness of the recitals in records before us in which there is no claim that same have been tampered with, or represent incorrect transscription or omission.

The state's motion for rehearing is overruled.

*Overruled.*