Joe Garcia **FIGUEROA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43970.

Court of Criminal Appeals of Texas.

Nov. 30, 1971.

William W. Keas, Jr., Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty. and Thomas D. McDowell, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin with the punishment being assessed at 15 years.

The record reflects that on September 16, 1969, Corpus Christi police officers, by virtue of a search warrant, searched appellant's home and took the children to a neighbor's house. The appellant was not home at the time. He and his wife arrived some 30 to 45 minutes later and were placed under arrest and taken into the house. There Sgt. Castro asked the appellant where the heroin was and told him the officers "were there for the heroin" and that if he did not give it to them they would find it. At this point Castro testified appellant said to his wife "Tell them." He was removed from the house and after some persuasion the wife gave to Castro 32 papers of heroin and a syringe which she took from her bra. At the police station after the appellant had given a written confession his wife was released without charges being filed and she returned to their seven children.

In his initial ground of error appellant complains of the admission into evidence over objection of his statement "Tell them" made while he was under arrest and unwarned of his rights. He relies upon Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311, on remand Tex.Cr. App., 442 S.W.2d 376. In his next two grounds of error he contends the written confession was improperly admitted into evidence since he was not adequately warned; that it resulted from coercion, threats to file charges against his wife, promises to release her if the confession was given; that it was taken while he was still under the improper influences exercised in obtaining the earlier oral statement. He also challenges the sufficiency of the evidence.

We are, however, confronted at the outset with questions which we conclude re-

quire review "in the interest of justice" (Article 40.09, Sec. 13, Vernon's Ann.C.C. P.), and which are dispositive of the appeal before us.

■ Over objection the search warrant affidavit, the warrant itself and the police officer's return thereon were admitted into evidence and allowed to go to the jury. The recitals therein were hearsay and the instruments were not admissible before the jury for any purpose. Hebert v. State (Tex.Cr.App.1952), 157 Tex.Cr.R. 504, 249 S.W.2d 925; 51 Tex.Jur.2d, Searches and Seizures, Sec. 45, p. 729. Their admission in evidence over objection was error. Gunter v. State (Tex.Cr.App.1928), 109 Tex.Cr.R. 408, 4 S.W.2d 978; Arnold v. State (Tex.Cr.App.1952), 157 Tex.Cr.R. 313, 248 S.W.2d 738. Whether such error calls for reversal must turn on the facts of the particular case. White v. State (Tex.Cr.App.1932), 119 Tex.Cr.R. 338, 45 S.W.2d 225; Hamilton v. State (Tex.Cr. App.1932), 120 Tex.Cr.R. 154, 48 S.W. 2d 1005; Booth v. State (Tex.Cr.App. 1928), 110 Tex.Cr.R. 548, 9 S.W.2d 1032. Where the hearsay recitals could not have influenced the verdict and the lowest possible penalty was assessed, the error was held not to be of a reversible nature. Williams v. State, 113 Tex.Cr.R. 219, 18 S.W.2d 654. If the receipt of such instruments is obviously harmful, reversal is, however, necessary. Gunter v. State, supra; 51 Tex.Jur.2d, Searches and Seizures, Sec. 53, p. 741.

In the instant case the appellant was convicted for the possession of heroin recovered from his wife at a time when he was not present. The State relied primarily for conviction upon his extrajudicial written confession, a confession which the appellant testified was involuntary and given to secure his wife's release. It would be difficult to say that the introduction of the hearsay recitals in the affidavit to the effect that an unidentified informer had told police officers that the appellant was "using, keeping and possessing heroin and dispensing heroin to various persons" was not obviously harmful. An officer was also permitted to testify that although the informer had given the name of the "suspected party" as Guadalupe Figueroa, which name was used in the affidavit, the appellant was one and the same person.

The validity of the search warrant and affidavit were questions of law for the court, and in fact the court had passed upon the validity of the search at a pretrial hearing on a motion to suppress.

The error calls for reversal.

Further, despite the objections urged, we do not find that the trial judge determined the voluntariness of the alleged confession prior to its admission into evidence before the jury as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Lopez v. State, Tex.Cr.App., 384 S. W.2d 345; Article 38.22, V.A.C.C.P.

■ The statute requires a separate hearing to determine voluntariness "where the question is raised." In light of the evidence and the repeated objections[1] the question, in our opinion, was clearly raised. See Harris v. State, Tex.Cr.App., 465 S. W.2d 175.

There are no findings among the papers of this cause. It is not clear if the trial judge decided voluntariness, one way or

---

1. There was no formal request as such for a separate hearing but the nature of the repeated objections, the voir dire examination in the jury's presence of the officer who had taken the statement prior to its admission, Cf. Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31, 33, were sufficient circumstances to cause an awareness on the part of the trial court that counsel was questioning admissibility on the ground of involuntariness. See Jackson v. Denno, supra; Article 38.22, supra. And "to raise the question" this court has never held that a formal request was absolutely essential to a separate hearing on the admissibility and voluntariness of an extrajudicial confession. Such a holding in fact would be contrary to the facts and decision in Jackson. Where the State relies upon an extrajudicial confession in the presentation of its case the trial court would be well advised to exercise some sua sponte responsibility in this area.

the other, or if he did, what standard was relied upon. Cf. Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109. There certainly was no clear cut and reliable determination by the court in the first instant of the voluntariness of the written statement.

Even in absence of statutory requirements, Jackson v. Denno requires that the trial court's conclusion as to voluntariness must, at least, appear from the record with unmistakable clarity. Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593.

In Sims v. Georgia, supra, the court said:

"A constitutional rule was laid down in that case (Jackson v. Denno) that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given. The rule allows the jury, if it so chooses, to give absolutely no weight to the confession in determining the guilt or innocence of the defendant *but it is not for the jury to make the primary determination of voluntariness. * * *"* (emphasis supplied) See also Treadway v. State, Tex.Cr.App., 437 S.W.2d 572; Dixon v. State, Tex.Cr.App., 383 S.W.2d 928; Lopez v. State, supra; Harris v. State, Tex.Cr.App., 384 S.W.2d 349; McIlwain v. State, Tex.Cr.App., 402 S. W.2d 916.

Even if it can be argued that the objections made and evidence offered were insufficient to raise the issue of voluntariness, and cause the trial judge to conduct a separate hearing, it is observed that after the appellant testified the voluntariness issue was clearly presented. The court recognized this and charged the jury on such issue permitting them to make the primary and apparently only determination of voluntariness.

In Jackson v. Denno, supra, the court said:

"It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is found-ed, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and even though there is ample evidence aside from the confession to support the conviction. Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Stroble v. California, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872; Payne v. Arkansas, 356 U.S. 560, 78 S. Ct. 844, 2 L.Ed.2d 975. Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. Rogers v. Richmond, supra."

It is observed that in Jackson the court noted "The statements made by Jackson, both at 2 and 3:55 a. m., were introduced in evidence without objection by Jackson's counsel," and the court later stated that "although Jackson's counsel did not specifically object to the admission of the confession initially, the trial court indicated its awareness that Jackson's counsel was questioning the circumstances under which Jackson was interrogated."

In Lopez v. State, supra, whose reversal by the Supreme Court was occasioned by Jackson, an examination of the record reveals the defense counsel did not request a separate hearing on the issue of voluntariness at the time the confession was offered, nor raised any issue as to voluntariness by cross-examination, voir dire examination or otherwise at any time prior to admission into evidence of the alleged confession. Lopez's counsel did object as follows: "The Defendant objects, Your Honor, the Defendant objects. That confession has not been given voluntarily, and I believe that the prosecution at time will find further about the condition of that *identification of the instrument—how it* was given, whether under force and duress and in compliance with the laws of the State of Texas, Article *727.*"

The failure of the trial court, upon such objection, to conduct a separate hearing and make an independent determination of the voluntariness of the confession both as a matter of law and fact was held to be reversible error.

And in Texas long prior to Jackson v. Denno, the refusal to honor a defendant's request to retire the jury and to permit him to show that his written statement was not admissible required reversal. Melendez v. State, 166 Tex.Cr.R. 391, 314 S.W. 2d 104; Davis v. State, 165 Tex.Cr.R. 456, 308 S.W.2d 880; Law v. State, 165 Tex. Cr.R. 542, 309 S.W.2d 443; Cavazos v. State, 143 Tex.Cr.R. 564, 160 S.W.2d 260; Brown v. United States, 5 Cir., 228 F.2d 286; Texas Law of Evidence, McCormick and Ray, 2d ed., Sec. 1222, p. 100. It appears that a request for a separate hearing was sufficient, whether or not the request was supported by evidence.

For the reasons stated, the judgment is reversed and remanded.