Jesse L. BARBER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44710.

Court of Criminal Appeals of Texas.

April 19, 1972.

Rehearing Denied July 17, 1972.

Harold Warford, San Antonio, for appellant.

Ted Butler, Dist. Atty., Antonio G. Cantu, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful sale of a narcotic drug, to-wit: heroin. Punishment was assessed by the court at ten years.

The record reflects that on September 23, 1970, Officer H. Rangel, who was at that time assigned to undercover work for the narcotics division of the San Antonio Police Department, received information that appellant was selling heroin at a named address in that city. Officer Rangel proceeded to the named address, where he purchased a capsule of heroin from appellant.

Appellant contends that the trial court committed reversible error by admitting into evidence a portion of Officer Rangel's offense report. That part of the offense report of which complaint is made reads:

"While working as a Narcotics Undercover Officer, I, Officer Rangel received information Jesse L. Barber alias Slim was selling capsules of Heroin at the above location."

Counsel for appellant objected to the admission of this portion of the report, and his objection was overruled.

■ Being a question of law for the court to decide, hearsay information as to the existence of probable cause should not be heard by the jury. The admission of such evidence over the timely objection of the accused constitutes error. e. g. Figueroa v. State, Tex.Cr.App., 473 S.W.2d 202; Vara v. State, Tex.Cr.App., 466 S.W.2d 315; Rosales v. State, Tex.Cr.App., 399 S.W.2d 541; Ramos v. State, Tex.Cr.App., 395 S.W.2d 628.

■ The state contends that the above stated rule has no application to the instant case, arguing that appellant's having waived any objection to the admissibility of other parts of the offense report made the entire report admissible under Article 38.24, Vernon's Ann.C.C.P., which provides that:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

In the case at bar, the state, not the appellant, introduced the report; therefore, the rule announced in Article 38.24, supra, is not applicable. Nor did appellant use the report during his cross-examination of the officer in front of the jury [1] or cross-examine him concerning this information [2] which led the officer to appellant. Appellant did cross-examine the witness as to whether a named party was "one of his informers" or was the person with whom the witness had had a "conversation" just prior to the commission of the

1. See Garcia v. State, Tex.Cr.App., 473 S.W.2d 488; Mabou v. State, Tex.Cr. App., 429 S.W.2d 891.

2. See Ward v. State, Tex.Cr.App., 474 S.W.2d 471.

offense. He also asked the officer whether he had made any notes concerning the transaction in question. However, nowhere in the record did appellant inquire about the details of the information acquired by the officer at the time of the transaction or assert that his testimony was at variance with the offense report.

Having determined that the admission of the hearsay portion of the offense report was error, we must turn to facts of this particular case to decide whether such error requires reversal. Compare Figueroa v. State, supra, with Williams v. State, 113 Tex.Cr.R. 219, 18 S.W.2d 654.

In the instant case, three witnesses testified at the trial. Officer Rangel related that he had bought a capsule of heroin from appellant. Dennis Terraco, a chemist with the San Antonio Police Department, identified the substance purchased by Officer Rangel as being heroin. Appellant took the stand in his own behalf and denied that he had ever sold heroin to Officer Rangel or to anyone.

The jury is the exclusive judge of the credibility of witnesses and the weight to be given their testimony. One reason for the rule excluding hearsay is that the jury should be allowed to judge the demeanor of the witness on the stand, both during his direct testimony and during cross-examination, in order to effectively determine his credibility. 1 McCormick & Ray, Texas Evidence, Sec. 792.

In the instant case, two witnesses testified concerning the transaction, one as to how it transpired and the other denying that it took place. In support of its witness, the state was allowed to place into evidence an extraneous offense by the unsworn statement of a third party who the jury never saw and who appellant was never allowed to test through cross-examination. Thus, the most basic reason for excluding the out of court statements of third parties was violated.

We hold that the admission of the hearsay portion of the report constituted reversible error.

In view of our disposition made herein, other grounds of error will not be discussed.

The judgment is reversed and the cause remanded.