**Floyd SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48687.

Court of Criminal Appeals of Texas.

July 2, 1974.

Rehearing Denied July 24, 1974.

Munson Smith and Thomas H. Hill, Victoria, for appellant.

Robert J. Seerden, Dist. Atty., and Norman D. Jones, Asst. Dist. Atty., Victoria,

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of possession of heroin. The jury assessed his punishment at imprisonment for 100 years.

Because of our disposition of appellant's third ground of error, a discussion of his other contentions will not be made, nor is a recitation of the facts necessary.

Appellant's third ground of error urges that the court erred in overruling his objections to the hearsay testimony of a police officer witness, which testimony detailed the contents of an informer's tip.

■ In regard to the contention, the statement of facts reflects that over appellant's strenuous and repeated objections the officer was allowed to testify that,

"I received information from a subject who gave me information in the past has [sic] been proved to be reliable information, and this information related to Mr. Floyd Smith's activities here in Victoria."

Appellant's objection to the above was overruled and the officer then testified that he located appellant's residence. The following transaction then occurred:

"Q After you located this defendant's residence, what did you do?

"A On the twenty-fifth of January I received a call from the informant advising Floyd Smith, the defendant, did have in fact heroin in his possession.

"Defense Counsel: Your Honor, I object to that on the ground that it is hearsay.

"The Court: I will overrule the objection.

"The Witness: I received a call from the informant that heroin was being in the possession of Floyd Smith and that the informant had been to Floyd Smith's residence and had purchased heroin from him for ten dollars for one packet or paper.

"Defense Counsel: I object on the same grounds.

"The Court: Overruled.

"The Witness: The correct term for a small package is called a paper. This informant advised Floyd was living in the apartment number three and he also had a female companion with him and that he kept his heroin in a green plastic Excedrin bottle. The informant so stated.

"The Court: Ah, that is hearsay . . . The conversation is hearsay."

The court erred in admitting this testimony. We have repeatedly held that this sort of hearsay testimony is inadmissible where there is no issue of probable cause before the jury. See Dawson v. State, 477 S.W. 2d 277 (Tex.Cr.App.1972) and cases there cited.

 However, the question of whether such error calls for reversal depends on the facts of each case. See Figueroa v. State, 473 S.W.2d 202 (Tex.Cr.App.1971) and cases there cited. Thus, where the hearsay could not have affected the verdict and the lowest possible penalty was assessed, the erroneous admission of the hearsay has been held harmless. See Williams v. State, 113 Tex.Cr.R. 219, 18 S.W. 2d 654 (1929). However, when the error is obviously harmful, reversal is required. See Figueroa v. State, supra.

In the instant case, the appellant was convicted of possessing heroin found in a motel storage area, to which any number of persons had access. The State attempted to connect him to the narcotics with evidence that he had sold heroin on previous occasions. However, the witnesses presenting this evidence were present and available for cross-examination, whereas the unnamed "reliable informant" was not.

Under the circumstances presented by this case, we cannot conclude that the error was harmless. See Barber v. State, 481 S.W.2d 812 (Tex.Cr.App.1972) and compare Dyche v. State, 490 S.W.2d 568 (Tex.Cr.App.1973) and Yates v. State, 488 S.W.2d 463 (Tex.Cr.App.1972).

In regard to the appellant's contention that the evidence is insufficient to support the conviction, we call attention to Brock v. State, 162 Tex.Cr.R. 339, 285 S.W.2d 745 (1956) and hold that it is controlling in this instance.

The judgment is reversed and the cause remanded.