Affirmed and Opinion filed October 27, 2005









Affirmed
and Opinion filed October 27, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00273-CR

NO. 14-04-00274-CR

____________

 

LEWIS
KENDRICK FORD, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause Nos. 934,036 & 934,037

________________________________________________________________

 

O P I N I O N








Appellant pleaded not guilty to
the offenses of possession of a controlled substance with intent to deliver and
possession of a firearm by a felon.  He
was convicted and the jury assessed punishment, in each case, at seventy-five
years=
confinement in the Texas Department of Criminal Justice Institutional
Division.  In eight issues, appellant
contends the trial court erred in (1) admitting the search warrant into
evidence; (2) admitting jail disciplinary reports into evidence at the
punishment phase; (3) denying appellant=s motion
to compel disclosure of the confidential informant=s
identity; and (4) denying appellant=s motion
to suppress evidence.  We affirm.

I.  Factual Background

Steven Fisher, a Houston Police
Department undercover narcotics officer, arranged a controlled buy of narcotics
by a confidential informant.  Fisher and
the informant went to an apartment complex at 12345 Bob White, in Houston,
where the informant purchased a cigarette dipped in phencyclidine (PCP) at
apartment number 714.  While the
informant was in the apartment, Officer Fisher watched from the parking
lot.  Based on the controlled buy, Fisher
later obtained a search warrant for apartment 714.

Fisher and another officer
executed the search warrant.  They first
knocked on the door of the apartment and announced they were the police.  When they received no response, the officers
used a battering ram to gain entry.  Once
inside, the officers found appellant and another individual lying on a
mattress.  After securing the occupants,
the officers searched the apartment and found a bottle of PCP and a
handgun.  Appellant was arrested and
subsequently convicted of possession of a controlled substance and felon in
possession of a firearm.

II.  Right of Confrontation

A.        Admission of Search Warrant

In his first two issues,
appellant contends he was denied the right to confront and cross-examine the
confidential informant in violation of article 1, section 10 of the Texas
Constitution and the Sixth Amendment to the United States Constitution.  At trial, the search warrant, but not the
supporting affidavit, was admitted into evidence, and appellant objected on the
grounds the warrant was irrelevant, hearsay, and its admission denied him his
right to confrontation.  On appeal,
appellant contends his confrontation rights were violated because the search
warrant was introduced to prove appellant=s control
of the premises.








1.         Standard of Review

In reviewing the admission of
evidence, this court follows an abuse of discretion standard of review.  See Weatherred v. State, 15 S.W.3d
540, 542 (Tex. Crim. App. 2000).  The
test for abuse of discretion is not whether, in the opinion of the reviewing
court, the facts present an appropriate case for the trial court=s action;
rather, it is a question of whether the court acted without reference to any
guiding rules or principles.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).  

2.         Hearsay

Appellant cites several cases
where courts have found the admission of a search warrant is inadmissible over
a hearsay objection.  See, e.g.,
Foster v. State, 779 S.W.2d 845, 857B58 (Tex.
Crim. App. 1989) (en banc); Torres v. State, 552 S.W.2d 821, 824 (Tex.
Crim. App. 1977); Doggett v. State, 530 S.W.2d 552, 556B57 (Tex.
Crim. App. 1976); Christenson v. State, 137 S.W.2d 32 (Tex. Crim. App.
1940); Hamilton v. State, 120 Tex. Crim. 154, 156, 48 S.W.2d 1005, 1005B06 (Tex.
Crim. App. 1932); Ortiz v. State, 999 S.W.2d 600, 607 (Tex. App.CHouston
[14th Dist.] 1999, no pet.); Pratt v. State, 748 S.W.2d 483, 484B85 (Tex.
App.CHouston
[1st Dist.] 1988, pet. ref=d).  Although in each of these cases, the court
found a search warrant to be inadmissible over a hearsay objection, none
addressed the confrontation clause. 
Confrontation and hearsay are distinct objections; confrontation raises
constitutional issues, while hearsay invokes an evidentiary rule.  See Paredes v. State, 129 S.W.3d 530,
535 (Tex. Crim. App. 2004).  Because
appellant has not complained on appeal of the trial court=s ruling
on his hearsay objection, those cases are not instructive as to whether
appellant=s right to confrontation was
violated.  








3.         Confrontation Clause

A Atestimonial@
out-of-court statement that is introduced into evidence is barred by the
Confrontation Clause unless the declarant is unavailable and has been subject
to cross-examination.  Crawford v.
Washington, 541 U.S. 36, 53B54 (2004).  The threshold issue under Crawford is
whether the statement to be admitted is testimonial.  See Ruth v. State, 167 S.W.3d 560, 568
(Tex. App.CHouston [14th Dist.] 2005, no
pet.).  The Supreme Court in Crawford
did not define testimonial, but noted three formulations of Acore@
testimonial evidence: (1) Aex parte in‑court
testimony or its functional equivalent,@ such as
affidavits, custodial examinations, prior testimony not subject to cross‑examination,
or  Asimilar
pretrial statements that declarants would reasonably expect to be used
prosecutorially@; (2) Aextrajudicial
statements@ of the same nature Acontained
in formalized testimonial materials@; and (3)
Astatements
that were made under circumstances which would lead an objective witness
reasonably to believe that the statement would be available for use at a later
trial.@  Crawford, 541 U.S. at 51B52.

Here, while it is true appellant
was denied the opportunity to cross-examine the confidential informant, no
testimonial statements provided by the confidential informant were ever
introduced into evidence.  Appellant
argues the search warrant contains a description of him and that description
linked him to the premises.  But,
contrary to that assertion, the search warrant was not used to link appellant
to the premises because appellant was found lying on a mattress in the
apartment.  Appellant=s
clothing was found in the apartment and his girlfriend testified that he lived
there with her and helped pay rent. 
Further, appellant has not challenged the sufficiency of the evidence
linking him to the drugs or the premises. 
No testimonial statements of the informant were introduced through the
search warrant; therefore, appellant was not denied his right of
confrontation.  See Woods v. State,
152 S.W.3d 105, 113 (Tex. Crim. App. 2004) (en banc) (threshold question is
whether statement was testimonial). 
Appellant=s first
and second issues are overruled.








B.        Admission of Jail Disciplinary Reports

In his third and fourth issues,
appellant contends he was denied the right to confront and cross-examine his
fellow inmates in violation of article 1, section 10 of the Texas Constitution
and the Sixth Amendment to the United States Constitution.  At the punishment phase of trial, the State
introduced inmate disciplinary grievance records from the Harris County
Jail.  The prosecutor read the discipline
records into the record as follows:

February 5th, 2004, the
defendant was charged fighting.  Seven
days loss of privileges, found guilty, October 15, 2003, extortion.  June the 11th, 2003, extortion, ten days loss
of privileges.  April the 21st, 2003,
assault on an inmate.  April 21st, 2003,
horseplaying, altercation, five days= loss of privileges.  February the 24th, 1998, 25 days loss of
privileges for fighting.  February the
18th, 1998, fighting.  February the 18th,
1998, fighting.  And again February the
18th, 1998, fighting.

 

Appellant objected to admission of the
disciplinary records because they were based on hearsay of other inmates= reports,
and he was denied the right to confront and cross-examine those inmates.  

Evidence as to any matter may be
offered during the punishment phase if the court deems it relevant to
sentencing, including but not limited to the prior criminal record of the
defendant, his general reputation, his character, an opinion regarding his
character, the circumstances of the offense for which he is being tried, and
any other evidence of extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by the defendant or for
which he could be held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act.  Tex.
Code Crim. Proc. Ann. art. 37.07 ' 3(a)
(Vernon 2005).  








In Crawford, the Supreme
Court concluded the Sixth Amendment bars out‑of‑court statements by
witnesses that are testimonial in nature, but Crawford did not extend
these protections to non‑testimonial hearsay.  541 U.S. at 68.  AWhere non‑testimonial
hearsay is at issue, it is wholly consistent with the Framers= design
to afford the States flexibility in their development of hearsay lawCas does Roberts,
and as would an approach that exempted such statements from Confrontation
Clause scrutiny altogether.@  Id. 
Because non‑testimonial hearsay is at issue here, the reliability
test of Roberts applies.  Id.;
Ohio v. Roberts, 448 U.S. 56 (1980). 


Admission of evidence that falls
within a firmly rooted exception to the hearsay rule does not violate the
Confrontation Clause.  See Guidry v.
State, 9 S.W.3d 133, 149 (Tex. Crim. App. 1999).  The public records exception to the hearsay
rule applies to A[r]ecords,
reports, statements, or data compilations, in any form, of public offices or
agencies setting forth: (A) the activities of the office or agency[.]@  Tex. R.
Evid. 803(8)(A).  This is a firmly
rooted exception.  See Cathy Cochran, Texas Rules of Evidence Handbook
844B45 & n.471 (5th ed. 2003)
(stating the exception existed at common law and tracing predecessors to rule
803(8) back to 1871).  The Court of
Criminal Appeals has held that a defendant=s jail
records, introduced at the punishment phase of trial, chronicling the defendant=s
violation of jail rules, cell transfers, and fighting, is not inadmissible
hearsay; rather, the jail records qualify as records made in the regular course
of business.  Jackson v. State,
822 S.W.2d 18, 30B31 (Tex.
Crim. App. 1990) (en banc).  Because the
disciplinary records in this case contained no testimonial evidence, they
clearly fall within a firmly rooted hearsay exception; and thus, no
constitutional violation occurred. 








Recently, in Russeau v. State,
the Court of Criminal Appeals held the introduction of Aincident
reports@ and
prison Adisciplinary
reports@ violated
the Sixth Amendment right to confront witnesses.  No. AP-74466, 2005 WL 1523774 (Tex. Crim.
App. June 29, 2005).  In that case, the
court reviewed disciplinary reports that contained detailed statements written
by corrections officers where the officers relied on their own observations or
observations of others.  Id. at
*6.  None of the individuals who observed
Russeau=s
disciplinary offenses testified at his trial. 
Id.  Therefore, the court
found the admission of the reports violated his right to confront those
witnesses.  Russeau, however, is
distinguishable from the instant case in that the disciplinary records admitted
at the punishment phase of appellant=s trial
are sterile recitations of appellant=s
offenses and the punishments he received for those offenses.  The records do not contain statements that
could be considered testimonial in nature as did the reports in Russeau.  Because the disciplinary records in this case
are not testimonial and fall within a recognized exception to the hearsay rule,
we conclude the trial court did not abuse its discretion in admitting the
evidence.  Appellant=s third
and fourth issues are overruled.

III.  Disclosure of Confidential Informant=s Identity

In issues five and six, appellant
contends the trial court erred in denying his motion to disclose the identity
of the confidential informant.  Prior to
trial, appellant filed a motion for disclosure of the informant=s
identity pursuant to Texas Rule of Evidence 508(c), claiming the search warrant
affidavit relied heavily on the informant, and, without disclosure, appellant
could not challenge the informant=s
credibility.  After an in camera hearing,
the trial court denied appellant=s
motion.  At trial, appellant again sought
disclosure of the informant=s
identity after the search warrant was admitted into evidence.

We review a trial court=s denial
of a motion to disclose a confidential informant under an abuse of discretion
standard.  Taylor v. State, 604
S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980).  Under that standard, a trial court=s
decision is disturbed on appeal only when it falls outside the zone of
reasonable disagreement.  Jones v.
State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996). 








As a general rule, when a
defendant files a motion to disclose an informant=s
identity, the State has a privilege to withhold the identity of any person who
provided information relating to, or assisting in, an investigation of a
possible crime.  Tex. R. Evid. 508(a).  A
court, however, should order the State to disclose the identity if the informer
Amay
reasonably be able to provide testimony necessary to a fair determination of
the issues of guilt and innocence.@  Tex.
R. Evid. 508(c)(2).  A defendant
who makes a request under Rule 508 has the threshold burden of demonstrating
that the informant=s
identity must be disclosed.  Bodin v.
State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991) (en banc).  Before revealing the informant=s
identity, the informant=s
potential testimony must be shown to significantly aid appellant; mere
conjecture or supposition about possible relevance is insufficient.  Bodin, 807 S.W.2d at 318. 

Whenever it is shown that an
informant was an eyewitness to an alleged offense then that informant can give
testimony necessary to a fair determination of the issues of guilt or
innocence.  Anderson v. State, 817
S.W.2d 69, 72 (Tex. Crim. App. 1991) (en banc). 
However, when the informant=s
information is used only to establish probable cause for a search warrant and
the informant was neither a participant in the offense for which the defendant
is charged, nor present when the search warrant was executed, the identity of
the informant need not be disclosed because his testimony is not essential to a
fair determination of guilt.  See
Washington v. State, 902 S.W.2d 649, 656B57 (Tex.
App.CHouston
[14th Dist.] 1995, pet. ref=d). 








Prior to trial, appellant sought
disclosure of the informant=s
identity by arguing he Awas the
only person who allegedly saw a black male in control of the clear
liquid he claims was PCP.@  At trial, after the search warrant was
admitted into evidence, appellant requested disclosure arguing that the
confidential informant provided testimony against appellant through the
warrant.  The in camera hearing was not
recorded.  Nevertheless, the record
reflects the informant=s
information was used to obtain probable cause for a search warrant, not to
establish appellant=s
identity or his connection to the premises as appellant contends.  There was no evidence that the confidential
informant participated in the offense for which appellant was charged, nor is
there evidence the informant participated in the execution of the search warrant.  Under these circumstances, appellant has not
demonstrated that the informant=s
testimony was so necessary to a fair determination of guilt or innocence that
the trial court=s denial
of his motion to disclose the informant=s
identity was outside the zone of reasonable disagreement.  Appellant=s fifth
and sixth issues are overruled.

IV.  Suppression of Evidence

In issue seven, appellant
contends the trial court erred in admitting the firearm into evidence because
it was seized without a warrant.  In
issue eight, he argues the trial court erred by admitting the narcotics into
evidence because the affidavit filed in support of the search warrant was
conclusory and insufficient to support a valid warrant.  Appellant=s
pretrial motion to suppress argued the affidavit supporting the search warrant
was insufficient to establish probable cause and the firearm was seized without
a warrant.

A.        Standard of Review

We review a trial court=s ruling
on a motion to suppress under an abuse of discretion standard.  Oles v. State, 993 S.W.2d 103, 106
(Tex. Crim. App. 1999).  We give great
deference to a trial court=s
determination of historical fact.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc).  When, as here, the trial court does not file
findings of fact, we assume the court made implicit findings that support its
ruling, so long as those implied findings are supported by the record.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000) (en banc).  We
conduct a de novo review of mixed questions of law and fact that do not turn on
the credibility and demeanor of a witness. 
Guzman, 955 S.W.2d at 89.

B.        Seizure of the Firearm








Regarding appellant=s
argument that the firearm was inadmissible because it was seized without a
warrant, the record reveals a patrol officer checked for outstanding warrants
before the officers left the apartment, and he determined appellant had a
criminal history that included a felony conviction and an outstanding robbery
warrant.  Therefore, the officers knew
appellant had a felony record when the firearm was seized.  Further, the firearm was found in the kitchen
cabinet next to a bottle of PCP and was therefore discovered by the officers in
plain view during the lawful search of the apartment.  

If an article is found in plain view, neither its
observation, nor its seizure involves an invasion of privacy. Horton v.
California, 496 U.S. 128, 133 (1990). 
The plain view doctrine requires that (1) law enforcement officials have
a right to be where they are, and (2) it be immediately apparent that the item
seized constitutes evidence, that is, there is probable cause to associate the
item with criminal activity.  Walter
v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).  Here, the officers were lawfully
in the apartment to execute the search warrant. 
Because they knew appellant was a felon, it was immediately apparent the
gun was contraband.  Although the gun was
seized outside the scope of the warrant, it was legally seized under the plain
view doctrine.  See id.  Appellant=s seventh
issue is overruled.

C.        Sufficiency of the Affidavit

In his motion to suppress,
appellant alleged the affidavit was insufficient to support probable
cause.  The pertinent portions of Fisher=s
affidavit provided:

Your affiant has probable
cause for said belief by reason of the following facts:  The affiant, S.E. Fisher, is a peace officer
in and for the state of Texas, reputably employed with the Houston Police
Department.  The affiant has been in the
field of law enforcement for at least (7) seven years, with time having been
spent focusing/working on narcotics investigations and working in an undercover
capacity.  The affiant is currently
assigned to the Special Investigations Command, Narcotics Division, is an
experienced/veteran narcotics investigator, who has no criminal record, is
credible and reliable and is worthy of belief. 
The affiant has reasons to believe and does in fact believe that the
above listed described person, hereafter styled the defendant, is currently is
[sic] possession of a controlled substance, namely PCP and intend [sic] to
distribute/deliver the substance to others.








Within the past 48 hours,
your affiant met with a confidential informant (CI) who was checked and found
not to be in possession of any type of a controlled substance.  The confidential informant was then given
money with which to make a purchase of PCP. 
The informant met with a black male only know as ALU@ who took the informant
inside his residence at 12345 Bob White #714. 
The informant asked to get two half dipped (cigarettes dipped in PCP) ALU@ dipped two More brand
cigarettes and handed them to the CI. 
The CI handed ALU@ the twenty dollars.  ALU@ gave the CI his phone
number and told them to cal [sic] anytime more was needed.  The informant then left the location.

The confidential informant
also advised your Affiant that the informant has seen PCP on a number of
occasions and is aware of the physical properties and smell of PCP.  The informant is confident that the clear
liquid they saw the cigarettes dipped into was in fact PCP.  The informant has been to the residence
within the past 48 hours.  The informant
will remain anonymous for safety and security reasons.  The informant has given information in the
past, which has always proven to be true and correct.

 

Whether the facts alleged in a
probable cause affidavit sufficiently support a search warrant is determined by
examining the totality of circumstances. 
Illinois v. Gates, 462 U.S. 213, 238 (1983).  The allegations in a probable cause affidavit
are sufficient if they would justify a conclusion that the object of the search
is probably on the premises.  Ramos v.
State, 934 S.W.2d 358, 363 (Tex. Crim. App. 1996).  Only the facts found within the four corners
of the affidavit may be considered.  Hankins
v. State, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004).  The magistrate is not required to find proof
beyond a reasonable doubt or by a preponderance of the evidence, but only a probability
that contraband or evidence of the crime will be found in a particular
place.  Gates, 462 U.S. at 238B39; State
v. Anderson, 917 S.W.2d 92, 95 (Tex. App.CHouston
[14th Dist.] 1996, pet. ref=d).  








Here, the affidavit supporting
the search warrant detailed a controlled buy of cigarettes dipped in PCP from
the place to be searched, 12345 Bob White, apartment 714.  The affiant was an officer with the Houston
Police Department in the narcotics task force. The affidavit stated that the
informant was searched by the affiant for contraband and then given money to
purchase drugs from a suspect inside the apartment.  The affiant swore that the informant was
known by him to be a credible and reliable person and that the informant handed
the suspect twenty dollars and received two cigarettes dipped in PCP.  These facts supported the inference that PCP
was available for sale within the place named in the warrant.  Thus, there were facts within the four
corners of the affidavit from which a reasonable person could infer that the
informant had purchased PCP inside the place named in the search warrant.  See Sadler v. State, 905 S.W.2d
21, 22 (Tex. App.CHouston
[1st Dist.] 1995, no pet.) (circumstances of a controlled buy, standing alone,
may corroborate an informant=s tip and
provide probable cause to issue a warrant).  We conclude the affidavit supports a finding
of probable cause to search the apartment. 
Appellant=s eighth
issue is overruled.

The judgment of the trial court
is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Opinion filed October 27, 2005.

Panel consists of Justices Edelman, Seymore, and Guzman.

Publish C Tex. R. App. P. 47.2(b).